# CHARLESTON.

CAIN v. COX et al.

Submitted September 9, 1886—Decided November 25, 1886.

1. COMPENSATION FOR PERMANENT IMPROVEMENTS.

Section one of chapter 151 of the Acts of 1882 does not authorize compensation for permanent improvements put upon the land by one, who claims to be but is not the owner thereof, unless he put such improvements thereon while holding possession under a title *believed by him to be good.*  (p 260.)

2. COMPENSATION FOR PERMANENT IMPROVEMENTS—ACCOUNT—RENTS AND PROFITS—LANDS CLEARED.

Where a decree was reversed in the appellate court, and the title of a purchaser was declared void, and the purchase was decided to have been made in *bad faith*, and the court remanded the cause for an account to be taken of rents and profits and notwithstanding such bad faith to offset such rents and profits by the "value of any improvement she may have put upon it," and such account was taken, and a balance was struck, and a decree was rendered against the defendant for such balance, such decree will not be reversed, because he was charged rent on lands, which he had cleared, while he was in possession.  (p. 262.)

*R. S. Blair* for appellant.

*C. L. Brown* for appellee.

JOHNSON, PRESIDENT:

This is an appeal from a decree of the Circuit Court of Ritchie county upon a commissioner's report settling an

account for rents and profits of land occupied by the defendant without title, in which the defendant was allowed for permanent improvements and taxes. It has been here once before (23 W. Va. 594); and then the title to Cox from those, who had no right to convey, was held bad, and the Court reversed the decree of the Circuit Court after coming to the following conclusion by Green, J.:—"My conclusion therefore is, that William F. Cox unquestionably had constructive if not actual notice, that the equitable title to this land was in Rezin Cain, when he purchased it of his sisters; and that in making this purchase he acted in *bad faith*."—He further said:—"As the Circuit Court ought to have decreed, that a conveyance should be made of this tract of land in controversy to Rezin Cain, it is obvious, that he is entitled to the rents and profits of the land from the time the defendant, William F. Cox, took possession of it, which was, I presume, February 1, 1865, the date of the deed to him. Cain has a right to recover all the rents and profits of the land for all the time, it has been wrongfully held by Cox, though this term greatly exceeds five years, because during all that time prior to the institution of this suit except about three years and three months, the suitor's test-oath was in force, and the plaintiff had, while it was in force, no right to recover these rents and profits. But,in ascertaining these rents and profits Cox should be allowed to offset against them any taxes, he has paid on the land, and the value of any permanent improvements, he may have put upon it."—And the Court in reversing the decree ordered a writ of possession to issue to Cain and directed, that an account of the rents and profits should be taken. That account was ordered by a decree rendered in the cause on the 23d day of June, 1884.

The commissioner after taking many depositions reported a balance in favor of Cain of $478.03. Exceptions were filed to this report by the counsel of Cox, one of which was: "that the commissioner could not charge rent for the land improved and cleared by defendant Cox," although the report showed, that Cox had been allowed a large price for every acre of land he had cleared. On the 2d day of July, 1885, the court rendered a decree sustaining the exceptions of defendant to the commissioner's report and recommitted

the cause to the same commissioner with directions :—"that he ascertain and report the rental value of the improved land described in the bill of complainant at the time the defendant Cox entered into possession thereof and during the time he was in possession thereof ;—that he ascertain the value of the permanent improvements made thereon by said defendant, but shall not charge him with any rent for any land so cleared by him or for the use of any improvements made by him, and shall also ascertain the amount of the taxes paid by defendant including interest thereon from the time of the respective payments."

The commissioner took the account according to the directions of the decree and reported, that the rents about offset the taxes, and charged the plaintiff as follows :

| | |
|---|---:|
| 1864—For clearing up 18 or 20 acres of land................ ......... | $100 00 |
| 1864—1884—For building fence ......... ......... ...... ............... | 181 61 |
| 1864—1874—For clearing 8 acres of land @ $18.00 ............ | 144 00 |
| "　　"　7　"　"　" @ $10.00 ............ | 70 00 |
| For sowing grass-seed......... ......... ......... ......... | 25 00 |
| | $520 61 |

At the request of Cain he reported, as he had done in the first report, making a slight correction, ascertaining balance in Cain's favor to be $479.79.

To this report Cain excepted for several reasons and insisted, that the former report was correct and should be confirmed. On the 20th day of October, 1885, the cause was finally heard, and the court sustained a part of Cain's exceptions and adopted the alternative statement in the last report, which was substantially the same as the first report, and entered a decree in favor of the plaintiff for $479.79.

From this decree defendant, Cox, appealed ; and his counsel here insists upon a reversal of the decree mainly on the ground, that he was charged with rent on land, which he had himself cleared. This is claimed by virtue of the statute. Chap. 91 of the Code as amended by chap. 151 of the Acts of 1882, sec. 1, provides :

" Any defendant, against whom a decree or judgment shall be rendered for land, where no agreement for damages has been made under the preceding chapter, may at any

time before the execution of the decree or judgment, present a petition to the court rendering such decree or judgment stating, that he or those, under whom he claims, while holding the possession under a title believed by him or them to be good, have made premanent improvements thereon, and praying, that he may be allowed for the same the fair and reasonable value thereof; and thereupon the court, if satisfied of the probable truth of the allegation, shall suspend the execution of the judgment or decree and empanel a jury to fix and assess the value of the improvements, if any, so made by the defendant. "

Section 2 of the same chapter provides as follows :

" The jury in fixing and assessing such value shall estimate against the defendant the annual value of such part of the premises, if any, as was improved and in a state fit and prepared for cultivation, at the time he took possession thereof, and shall credit him with the value of all improvements made thereon ; but no charge shall be made against the tenant for the use of any improvements made upon the land by him or for the use of any part of the land cleared by him. "

At common-law, whoever takes possession of land, to which another has a better title, whether he be a *bona fide* or *mala fide* possessor, is liable to the true owner for all the rents and profits, which he has received; but the disseisor, if he be a *bona fide* occupant, may recoup the value of the melioration made by him against the claim of damages. ( *Green* v. *Biddle*, 8 Wheat. 1).

In *Mathews* v. *Davis*, 6 Humph. 324, it was held, that a party making improvements on land held by void contract of purchase is not entitled to recover the value of such improvements in an action of *assumpsit*. He can recover however in chancery the value of such improvements, as may have added to the permanent value of the estate. In that case however the party was a *bona fide* purchaser having made with the owner an oral contract for the purchase of the land.

Mr. Justice Story in *Bright* v. *Boyd*, 1 Story 478, said :—
" The denial of all compensation to such *bona fide* purchaser in such a case, when he has manifestly added to the perma-

nent value of an estate by his meliorations and improvements, is contrary to the first principles of equity. "

In *McKim* v. *Moody*, 1 Rand. 58, it was held, that, where land has been recovered in ejectment, and the defendant goes into chancery to obtain compensation for improvements, he will not succeed, if he had notice of the plaintiff's title at the time of making the improvements.

In *Morris* v. *Terrel*, 2 Rand. 6, it was decided, that a purchaser from an agent empowered to sell real property can not insist on the validity of such sale, if he had knowledge of any fraud or breach of trust in the agent; and further that a purchaser, who is evicted, is not entitled to compensation for improvements, unless the owner has been guilty of a fraud by permitting such improvements without giving notice to the person, or has been guilty of gross *laches* in asserting his claim, after he was apprised of it.

Neither will our statute permit one to recover for permanent improvements, unless the improvements were put upon the premises by the person, who at the time " was holding the possession under a title *believed by him to be good*, " that is, by a *bona fide* purchaser.

Now in this case, as we have seen, Cox was a *mala fide* purchaser. This Court solemnly held, that " in making the purchase he acted in *bad faith* " (23 W. Va. 613). It is then *res judicata*, that Cox was a *mala fide* purchaser ; and therefore both under the authorities, we have cited, and under the statute he is not entitled to compensation for his improvements. But it is also *res judicata*, that in the account . to be taken he should be allowed as offsets to the rents and profits " any taxes he has paid on the land and the value of any permanent improvements, he may have put upon it." (23 W. Va. 616). This was done by the account and fairly done. He was not entitled to a jot more than the inadvertence of this Court gave him; and he should be thankful that he receives that. The question of the defendant's right to compensation was not presented ,or discussed, when the cause was by us considered on the former appeal ; and by inadvertence we allowed defendant the right to be compensated for his improvements, when he was not in law entitled to it. We do not discuss the other question, whether he is

entitled to the benefit of the statute relied on by counsel for appellant, not having filed a petition nor had a trial by jury, because, if all this had been done, he would be entitled to no more than he received.

The decree is affirmed, because the defendant is not injured, and the plaintiff did not ask a reversal but is content with an affirmance.

AFFIRMED.