SARAH MATILDA MYGATT et al., as Surviving Trustees, etc., Appellants, v. EDWARD P. COE, as Ancillary Executor of the Last Will and Testament of GEORGE S. COE, Deceased, Respondent.

1. COVENANTS OF HUSBAND IN DEED OF WIFE'S PROPERTY. The rule that the covenant of a stranger to the title is personal to the covenantee and incapable of transmission by a mere conveyance of the land applies, in the absence of special facts and circumstances, to covenants of a husband in a deed by his wife of her own land, joined in by him.

2. POSSESSION OF REALTY BY MARRIED WOMAN. When possession of realty, to which she holds the legal title, has been once delivered to a married woman, it is not lost or impaired (in the absence of any question of fraud) by permitting her husband to exercise acts of care, management or agency with respect to the property, or by his occupancy of it, as head of the family, for the family residence.

3. ABSENCE OF POSSESSION IN HUSBAND — COVENANTS IN DEED. The facts that the sale of realty in the possession of a married woman holding the legal title was negotiated by her husband, and that he executed a written contract of sale in his own name and delivered their joint deed, receiving a check to his own order for a part of the purchase money and taking back a bond and mortgage running to his wife for the balance, do not prove, as against the terms of the deed and testimony of the husband disclaiming any interest in the property, that the wife had surrendered to her husband possession or any interest in the land sufficient to carry his covenants of warranty and quiet enjoyment down through successive conveyances to remote grantees.

*Mygatt* v. *Coe*, 12 App. Div. 245, affirmed.

(Argued March 22, 1897; decided April 20, 1897.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1896, which reversed a judgment in favor of plaintiffs entered upon a decision of the court on a trial without a jury, and dismissed the complaint upon the merits.

This action was brought to recover damages for alleged breach of covenants of quiet enjoyment and warranty.

The facts, so far as material, are stated in the opinion.

For reports of the case on former appeals, see 124 N. Y. 212; 142 N. Y. 78; 147 N. Y. 456.

*Edward M. Grout* and *Almet F. Jenks* for appellants.
The defendant's liability is absolutely fixed by the undisputed
fact that Coe received the consideration mentioned in the deed
to Fisher, or some part of it. ( *Walter* v. *De Graaf*, 19 Abb.
[N. C.] 406; 142 N. Y. 87; 147 N. Y. 461.) Coe openly
asserted ownership in the property, and his wife acquiesced in
such assertion. (Gerard on Titles [3d ed.], 482; *Burwell* v.
*Jackson*, 9 N. Y. 535; *Smith* v. *Babcock*, 36 N. Y. 167;
*Thomas* v. *Bartow*, 48 N. Y. 193; *Leggatt* v. *Mutual Life
Ins. Co.*, 53 N. Y. 398; *Clark* v. *Post*, 113 N. Y. 17; *Bost-
wick* v. *Beach*, 31 Hun, 343; *Inness* v. *Willis*, 16 J. & S.
188; *Bigler* v. *Morgan*, 77 N. Y. 312; *Cox* v. *James*, 45 N.
Y. 560.) The proof fully shows that Coe was in possession of
this property. ( *Williams* v. *Buchanan*, 1 Ired. L. 540;
*Bacon* v. *Sheppard*, 6 Halst. 197; *Sunol* v. *Hepburn*, 1 Cal.
263; *Coryell* v. *Cain*, 16 Cal. 573; *Pope* v. *Hanmer*, 74 N.
Y. 240; *Churchill* v. *Onderdonk*, 59 N. Y. 134; *Frantz* v.
*Ireland*, 66 Barb. 389; *Mygatt* v. *Coe*, 142 N. Y. 84;
Code Civ. Pro. § 3358; *Beddoe's Exr.* v. *Wadsworth*, 21
Wend. 120; *Slater* v. *Rawson*, 6 Metc. 439.) The acts of
Mr. Coe, and particularly the contract of sale and receipt of
payments thereunder, were the acts of a principal and not
of an agent. (Mecham on Agency, § 63; *Price* v. *Seydel*,
46 Iowa, 696; *Butler* v. *Price*, 115 Mass. 578; *Deck* v.
*Johnson*, 1 Abb. Ct. App. Dec. 497; *Martin* v. *Rutt*, 127
Penn. St. 306; *McLaren* v. *Hall*, 26 Iowa, 305; *Rowell* v.
*Klein*, 44 Ind. 293; *Valentine* v. *Applebee*, 87 Hun, 1;
*Jones* v. *Walker*, 63 N. Y. 612; *Sanford* v. *Pollock*, 105 N.
Y. 450; *Cox* v. *James*, 45 N. Y. 557.) The defendant's lia-
bility is to the plaintiffs. (*Rector, etc.*, v. *Mack*, 93 N. Y.
488; *Mygatt* v. *Coe*, 142 N. Y. 88; 147 N. Y. 457; *White*
v. *Whitney*, 3 Metc. [Mass.] 87; *Town* v. *Needham*, 3 Paige,
546, 551; *Andrews* v. *Wolcott*, 16 Barb. 22; *Howell* v. *Lea-
vitt*, 90 N. Y. 238; *Shattuck* v. *Lamb*, 65 N. Y. 500.) The
measure of damages applied by the Trial Term — the amount
due to plaintiffs upon their mortgage, principal and interest to
date — is not erroneous. It is favorable to defendant, who

might justly have been liable for a larger sum. (*White* v. *Whitney*, 3 Metc. 81; *Greenvault* v. *Davis*, 4 Hill, 643; 49 Hun, 32; 124 N. Y. 212; 142 N. Y. 89; 147 N. Y. 457; *Myers* v. *Burns*, 33 Barb. 401; *Allen* v. *McConihe*, 124 N. Y. 342; *Brooks* v. *Black*, 68 Miss. 161; *Sweet* v. *Bradley*, 24 Barb. 549; *Staats* v. *Ten Eyck*, 3 Caines, 111; *Pitcher* v. *Livingston*, 4 Johns. 1; *Bender* v. *Fromberger*, 4 Dall. 436; *Bennet* v. *Jenkins*, 13 Johns. 50; *Kelly* v. *Dutch Church*, 2 Hill, 106; Rawle on Covenants, §§ 158–165.)

*W. S. Cogswell* and *Joseph H. Choate* for respondent. The defendant never was in possession of the premises in question, and there is consequently no privity of estate to carry his covenants with the land. (*Mygatt* v. *Coe*, 124 N. Y. 212; 147 N. Y. 463.) If it be held that Mr. Coe's covenants ran with the land, still the appellants never acquired any right to them, either by the mortgage from Nancy Fisher or by the deed from the sheriff of Kings county. (Tiedeman on Real Prop. § 860; Willard on Real Estate, 414; *Adams* v. *Conover*, 87 N. Y. 422; *Trimm* v. *Marsh*, 54 N. Y. 599; *Odell* v. *Montross*, 68 N. Y. 506; *Howell* v. *Leavitt*, 95 N. Y. 621; *Dunning* v. *Leavitt*, 85 N. Y. 30; *Union College* v. *Wheeler*, 61 N. Y. 118; *Calkins* v. *Calkins*, 3 Barb. 305; *Bryan* v. *Butts*, 27 Barb. 503; *Astor* v. *Hoyt*, 5 Wend. 603; *Beddoe's Exr.* v. *Wadsworth*, 21 Wend. 120.) If it be held that the plaintiffs may recover, the damages must be limited to the purchase price paid for the sheriff's deed and the costs in the ejectment suit. (Tiedeman on Real Prop. § 861; *Staats* v. *Ten Eyck*, 3 Caines, 115; *Pitcher* v. *Livingston*, 4 Johns. 1; *Peters* v. *McKeon*, 4 Den. 546; *Jenks* v. *Quinn*, 61 Hun, 434; 137 N. Y. 223; *Hymes* v. *Esty*, 133 N. Y. 347; *Mygatt* v. *Coe*, 124 N. Y. 218.)

O'BRIEN, J. The question of law in this case has been so fully discussed in this court and in the courts below on former appeals that very little is left to be said that would be pertinent now.

A married woman, who had purchased and paid for a piece of real estate which was conveyed to her for her sole and separate use, free and clear from any control of her husband, lived in the house for several years with her husband, and, on April 12th, 1867, supposing that she had a good title, sold the same to one Nancy Fisher, executing a conveyance thereof containing the usual covenants of warranty and quiet enjoyment. In this deed her husband joined, for what purpose does not expressly appear. It was, no doubt, a very common occurrence at the time in cases of deeds by married women of their separate real estate. Subsequent events disclosed the fact that the grantors in this deed had no title, and a remote grantee was evicted, under paramount title, on November 30th, 1878. The plaintiffs' title and right to maintain this action are derived solely from a mortgage from Mrs. Fisher, which was foreclosed by judgment entered June 5, 1879, and they received the sheriff's deed August 14, 1879   The plaintiffs were never in the actual possession of the land, and were never in fact actually evicted, but they rely upon the eviction of one of Mrs. Fisher's grantees, subject to the mortgage.

The covenant of the husband was that his wife, at the time of the grant, was lawfully seized in her own right of the estate granted ; that she had good right to convey the premises, full power and lawful authority to grant, bargain, sell and convey the same in manner and form aforesaid, with the usual covenants of warranty and quiet enjoyment. This covenant upon its face was personal, having been made by the husband, who was in law a stranger to the title, with no interest in the land conveyed. It may have been good as an indemnity to the immediate grantee of his wife, who, as covenantee, held and owned it. But in order to make it available to the plaintiffs, who are remote grantees, it must be shown that it was assigned or passed to them. Since it is not claimed that it was ever assigned to them in fact, they must show that it became annexed to the land and passed to them with the land through the various conveyances from the original covenantee, Mrs. Fisher. That is the question that has always stood in

the way of plaintiff's recovery in this case. (*Mygatt* v. *Coe*, 147 N. Y. 456; *S. C.*, 142 N. Y. 78; *S. C.*, 124 N. Y. 212.) There must be some privity of estate or contract between the covenantor and the party who asserts a right to recover damages for breach of the covenants, and it has been held in this case that possession in the grantor is a sufficient title or estate to carry the covenants down through the line of conveyances to a remote grantee. This doctrine was asserted by Judge FINCH when the case was here on a former appeal (142 N. Y. 78). The authority cited by him to sustain that proposition illustrates what he evidently meant by the rule. It was the case of *Beddoe's Executors* v. *Wadsworth* (21 Wend. 120). That was an action upon a covenant in a deed like the one now under consideration. The grantor and covenantor had no title when he made the conveyance, and it was claimed that since he never had any interest in the land, that the covenant never became annexed to the land, but was broken at the moment the conveyance was made, and it did not pass to the plaintiff, who was a remote grantee. There was a demurrer to the declaration and the case turned upon facts admitted by the demurrer. The declaration alleged that the grantor had put the grantee into possession of the lands described in the deed, and this fact was admitted by the demurrer. It was held that the delivery of possession of the lands by the grantor to the grantee vested in the latter such an estate as carried the covenants with it, that they thus became annexed to the land and a part of it, and passed with it to successive grantees.

This principle is plainly applicable to Mrs. Coe. When she conveyed to Mrs. Fisher she had no title whatever, but she delivered possession to her grantee and this was sufficient to attach her covenant to the land and so it passed with the land to remote grantees. It was her act and her deed that conferred possession and secured enjoyment of the premises to her grantee. She had no other estate, right or title to the property through which her covenant could be annexed to the land or pass with it. There is no difficulty in holding that the covenant of the wife was annexed to the land by the

delivery of the possession to her grantee. But the plaintiffs' case requires us to go still further and hold that her husband was also in possession and delivered such possession to her grantee as attached his covenants to the land and passed them to remote grantees. The basis of this proposition is that the husband had either the sole possession or a divided possession. Since a married woman may hold real estate in her own right, and may convey the same in like manner as if she were unmarried, there must attach to her title and accompany it all the usual incidents and marks of ownership. She holds possession of her lands as completely as if she were a *femme sole* and delivers such possession to a purchaser by the same act or instrument as would have been effectual for that purpose before her marriage. If the real estate be a dwelling house in which she resides, the presence of her husband there as the head of the family, cannot in the least detract from her full possession and ownership. Her title and possession are consistent with all the rights and duties that arise out of the marital relations. The husband is the head of the family and, being bound to provide a house for them to live in, the fact that he occupies a house owned by his wife and pays the taxes on it and keeps it in repair, cannot in the least impair her title to or possession of the property. The wife by allowing her husband in such cases to pay the taxes, make repairs and perform such duties of care and management as are incidental to the occupation of the property, and usually grow out of the marital relations, does not surrender her possession or in any way impair her title. Such acts of the husband can no more affect the possession or title of his wife, with respect to her separate real estate, than would like acts done by him in regard to the property of a stranger. Any other rule would tend to make the title and possession of a married woman to her separate real estate less secure than that of her husband or a stranger to his property.

These considerations suggest the difficulty which the plaintiffs must meet in this case in establishing such a possession in the husband when he joined in his wife's deed as would

make his covenant run with the land. We have not been able to find any authority, and we have been referred to none, to sustain the proposition that the husband can become possessed of an interest or estate in his wife's land sufficient to carry his covenants in the wife's deed with the land to remote grantees as a result of such acts on his part with respect to the property as appear in this case.

Of course it is possible for the wife to surrender the possession or convey the title to her husband, but such a change should be manifested by some unequivocal act on her part, plainly indicating her intention to vest some interest in the husband. When this case was here on the last appeal we decided two propositions : (1) That the evidence in the record did not sustain the finding that the husband was in such possession at the time he joined in the deed of his wife as would carry his covenant to a remote grantee. (2) That the recital in the deed of the receipt of the consideration by the grantors was not conclusive in any inquiry as to the actual possession of the property at the time of the grant, but it could be shown by evidence *dehors* the deed whether it was the husband or the wife that received the consideration.

It remains to consider how far the evidence produced on the last trial has changed the situation. The case comes to us now as it did then with a finding by the trial court that the husband was in possession of the real estate at the time of the grant. The additional evidence consists (1) of proof that the husband negotiated the sale ; (2) that he executed a written contract of sale in his own name ; (3) that he delivered the deed to Mrs. Fisher, received a check to his order for part of the purchase money, and took back the bond and mortgage to his wife for the balance.

The question is, do these acts, on the part of the husband, prove that his wife had surrendered to him the possession, or conveyed to him any interest in the land sufficient to carry his covenant down through the line of conveyances to the plaintiffs? We think not. They are all such acts of care, management and agency by the husband, with respect to his wife's

property, as naturally and necessarily proceed from the relation of husband and wife. They do not show that the original title or possession of the wife had been changed. They are such acts, and such only, as a man of business would be expected to perform with respect to the sale and conveyance of his wife's real estate. If the wife cannot avail herself of the advice and business ability of her husband concerning the care and management of her property, without, at the same time, furnishing evidence against her own title and possession, then she must employ strangers to act for her, since she cannot always act for herself. The law does not impose any such unreasonable restriction upon her right to hold and convey property. There is no question here of fraud against the rights of creditors. In all such cases, where there is reason to suspect that the title of the wife is nominal or in trust for the benefit of the husband, such acts as are disclosed by the record in this case with respect to the property, when connected with other facts and circumstances, become quite significant, and, doubtless, tend to prove that the husband may have some secret interest in the property. But here there is no controversy about the fact that the wife purchased and paid for this property and took the title in her own name and in her own right. The only question is, whether the acts of the husband, done with the consent of the wife, are evidence sufficient to establish the fact that she subsequently, in some manner, transferred some legal interest or estate in the property to her husband so as to attach his covenant to the land and render it capable of transfer with the land itself; and this result must be accomplished, if at all, against the husband's express disclaimer, as a witness, of any interest whatever in the property.

It was ascertained and adjudged years after the conveyance that neither he nor his wife had in fact any title to or interest in the land conveyed, but, at the time, all the parties to the transaction supposed that the wife had good title. She had, however, when she conveyed, the power to put her grantee into possession, and her deed did give such possession. Her

relations to the property and her actual dominion over it were such that her covenants became annexed to the land and passed with the possession from one to another, but her husband had no such dominion over it and held no such legal relations to it, though he joined in the conveyance.

The possession was all that the wife ever really had to convey, and it is quite difficult to conceive how this could be so divided with her husband as to make the covenants of both effectual as obligations running with the land. The written contract of sale, which the husband executed in his own name, bound him to convey with covenants, but when the deed was executed it disclosed the fact upon its face that the wife was seized of the premises in fee simple, which of course excluded the possibility of any interest in the husband, and his covenants denoted, not that he had any interest or title whatever, but that his wife had an indefeasible estate of inheritance in fee simple. There is nothing upon the face of the deed that indicates that the husband professed to have any interest whatever in the land, but the contrary inference is deduced from the form of the covenant. In view of the positive testimony of the husband that he had no legal interest in the land, and of what appears upon the face of the deed itself, the circumstance that the check for the cash portion of the purchase money was made payable to the order of the husband is not very significant.

At most these acts on the part of the husband raise only a presumption which is overthrown by the deed, the testimony of the husband and the other general facts in the case which are not disputed.

There may be some hardship to the plaintiffs in this case, but we are dealing with a doctrine of the common law, applicable to covenants in conveyances of real estate, which we do not feel at liberty to disregard. The reasons in which it originated may not now have the force that they formerly had; but it is somewhat significant that the very able counsel, who have been engaged for years in the prosecution of this case, have not been able to discover any authority holding that a

husband can be made liable for damages upon such a covenant in the deed of his wife conveying her own property under such circumstances as appear in this record.      hat fact alone is an argument against the right to maintain the action which cannot be ignored, since, in the nature of things, transactions of like character must have been and are of frequent occurrence.   The rule that the covenant of a stranger to the title is personal to the covenantee and incapable of transmission by a mere conveyance of the land must, in the absence of special facts and circumstances, apply to a husband who becomes a party to a deed by his wife conveying her own land.   The plaintiffs have attempted to take this case out of the operation of the general rule by showing that there was some estate in the husband sufficient to carry the covenants to the land, but we think that this claim has no substantial basis of fact upon which to rest.   We do not think that the facts in the case justify the inference that any right or interest which the wife had was divided with her husband, or that he ever had the power to deliver any possession of the property to another, or that he ever, in fact, assumed to do so.   The husband's signature to the deed gave the grantee no right to the possession that she would not have had without it.   It added nothing to the force or effect of the conveyance, while that of the wife secured to her grantee all the right and title that she ever had, which was simply the actual possession.   The husband had no more possesssion as against his wife than one of the children would have had, who had done or performed like acts with respect to the property, under the same circumstances.

The conception of possession in the husband in such cases may be traced largely to that instinct of the mind which so readily attributes to the husband, by reason of his headship of the family, the possession and dominion of the family home. That conclusion, however, will be dissipated by an application to the question of the legal principles that grow out of the right of the wife to hold and convey real property.   The actual possession of the property is one of the incidents that flow from this right, and it must be in the wife in most if not

in all cases where she has the legal title, and when possession is once delivered to her, it is not lost or impaired by permitting her husband to exercise acts of care, management or agency with respect to the property.

The nature of the husband's covenant cannot be affected by the fact that at common law he had an interest in the real property of his wife  The common-law rights of the husband in the wife's realty have been abolished, and did not exist when the covenant in question was made, and so we are not concerned with the question as to the legal character of the covenant when the relations of husband and wife were governed by the rules of the common law. I have not referred to the cases and authorities that mark the distinction between covenants in deeds that are personal to the covenantee and those that run with the land. These cases have been very fully examined and explained on the former appeals in this case. The controversy has reached a stage where both parties are in the attitude of admitting that the nature of the covenant, whether personal or one running with the land, must depend entirely upon the fact of possession in the husband, and the transmission by him of possession to the grantee under the deed.

We are of the opinion that the plaintiffs failed to establish this primary fact, and that the judgment of the court below should, therefore, be affirmed, with costs.

Bartlett, J. (dissenting). I vote for reversal upon the following grounds, viz. :

1. For the purposes of this appeal the defendant, George S. Coe, must be deemed to have been in possession of the premises at the time he joined in the deed with his wife, for the reason that the order of the Appellate Division does not show that the reversal was on questions of fact.

2. If the question of fact is before us the record shows that the trial judge was warranted in finding George S. Coe in possession. The facts tending to show possession are much stronger now than on a former appeal, when Judge Finch, writing for

this court, stated that it was not possible to say that Coe was a stranger to the title and transferred no estate to which his covenant of warranty could attach. (*Mygatt* v. *Coe*, 142 N. Y. 86.)

3. The plaintiffs are entitled to maintain this action by virtue of the title they acquired on the foreclosure sale of their mortgage from Nancy Fisher.

By the sheriff's deed the plaintiffs took the entire estate of the mortgagor as it existed at the time the mortgage was executed, unaffected by her subsequent acts, and Coe's covenant ran to the plaintiffs as well as to the grantee of the mortgagor, in proportion to their respective rights, and was divisible accordingly. (*Mygatt* v. *Coe*, 142 N. Y. 89; *Rector, etc.*, v. *Mack*, 93 N. Y. 492.)

Andrews, Ch. J., Gray and Vann, JJ., concur with O'Brien, J., for affirmance.

Haight and Martin, JJ., concur with Bartlett, J., for reversal.

Judgment affirmed.