# CHARLESTON.

## BODKIN v. ARNOLD.

### Decided April 21, 1900.

1. TRESPASS—*Mesne Profits—Damages.*

   In an action of trespass for *mesne profits*, if the defendant at the time of the inception of the cause of action had knowledge of the plaintiff's title, although he honestly believed that he held the superior legal title, the measure of damages is not the actual receipts, but is the fair annual rental of the property, with legal interest, less the taxes paid by the defendant. (p. 109).

2. CANNOT OFFSET RENT—*Improvements.*

   In such action the defendant is not entitled to offset his improvements against the rent, if at the time they were made he had knowledge of the plaintiff's title, although he in good faith believed his own title to be the better, in point of law. (p. 110).

3. RECOVERY—*Rent—Waste—Damages.*

   If, in addition to the rent, the plaintiff seeks to recover damages for waste occasioned by the failure of defendant to make proper, tenantable repairs, and his abuse and misuse of the property, the improvements made by the defendant in the nature of general repairs should be taken into consideration in estimating the general depreciation in the value of the property through fault of the defendant. (p. 110).

4. DAMAGES—*Wear and Tear.*

   The defendant is not liable for natural wear and tear resulting from the lapse of time and the proper use of the property, but only for the damages occasioned by his negligence, misuse, or abuse. (p. 112).

5. DAMAGES—*Probable Cause.*

   Where the action is not founded on the want of probable cause and maliciousness, punitive damages are not recoverable, and evidence tending to establish the same is not admissible. (p. 113).

6. DAMAGES—*True Measure.*

   The true measure of damages is compensation for the actual loss sustained by the plaintiff in being deprived of the use of his property, and speculative profits, founded on an exaggerated notion of the real value of the property, are not recoverable. Evidence tending to establish such speculative profits is inadmissible, as it may mislead the jury in arriving at the fair rental value of the property. (p. 114).

Error to Circuit Court, Lewis County.

Action by John P. Bodkin against George J. Arnold. Judgment for plaintiff. Defendant brings error.

*Reversed.*

EDWARD A. BRANNON, for plaintiff in error.

G. H. MORRISON, DULIN & HALL, *and* W. W. BRANNON, for defendant in error.

DENT, JUDGE:

John P. Bodkin, surviving co-tenant and heir of George Bodkin, deceased, instituted his suit in the circuit court of Lewis County to recover the *mesne profits* accruing to him in the case of *Bodkin* v. *Arnold,* 45 W. Va. 90, (30 S. E. 154), arising out of the case of *Boggs* v. *Bodkin,* 32 W. Va. 566, (9 S. E. 891), 5 L. R. A. 245, and recovered judgment on the verdict of a jury for seven thousand dollars. The facts will be found fully set out in the foregoing cases, and it is not necessary to repeat them at length.

The question now presented to the court is nothing more than the true measure of damages controlling a recovery in cases of this character. On the part of the defense it is insisted that actual receipts is the true measure, while the plaintiff insists that the rental value on a speculative basis, augmented by waste for failure to keep in repair, and neglect and abuse of the property, without deduction for improvements, is the true measure. The defendant's position is wrong, for the reason that he was at no time ignorant of plaintiff's claim of title, but was entirely cognizant thereof. To be a *bona fide* purchaser or possessor, so as to make him answerable only for actual receipts, the defendant must not only believe his own title to be good, but he must be ignorant of the existence of plaintiff's claim of title. If he has notice thereof, or of facts that put him on inquiry, he is not a *bona fide* holder, within the meaning of the law. *Cain* v. *Cox,* 23 W. Va. 594; *Id.,* 29 W. Va. 258, (1 S. E. 298), *Haymond* v. *Camden,* 22 W. Va. 180; *Lynch* v. *Andrews,* 25 W. Va. 751; *Dawson* v. *Grow,* 29 W. Va. 333, (1 S. E. 564) ; *Hall* v. *Hall,* 30 W. Va. 779, (5 S. E. 260) ; *Williamson* v. *Jones,* 43 W. Va. 563, (27 S. E. 411), 38 L. R. A. 694. In these cases it is finally settled that plaintiff's belief, to be *bona fide,* must be founded on ignorance of facts, and not ignorance of law. In *Williamson* v.

*Jones,* cited, it is held that "one having notice of facts rendering his title inferior to another, who by mistake of law regards his title good, cannot claim for permanent improvements." The same rule that deprives a defendant of his claim for permanent improvements requires him to pay the fair annual rental of the property, instead of his actual receipts. The defendant had actual notice of all the facts rendering his title inferior to the plaintiff's and because he never so honestly believed that his title was the superior in law does not excuse him from paying the plaintiff full compensation for keeping him out of possession of his land. That compensation is a fair annual rental of the property in the condition and for the purposes for which it was used at the time plaintiff was dispossessed, together with damages for waste committed by failure to repair and misuse and abuse of the property while in the possession of the defendant. As an original proposition, we might be inclined to hold that, so far as the improvements are concerned, the legislature, when it used the language "believed to be good," meant a well-founded belief, either in law or fact, notwithstanding the maxim that "ignorance of law excuseth no one"; for if a person, in the honest belief that he has the superior title, improves the subject-matter, he ought, in good conscience, to be entitled to recover the enhanced value thereof. If not, his property is given to another, without compensation, for the reason that he is not so learned in the law as to be able, in a case involving intricate legal propositions, to foresee the final determination of such propositions by a court of last resort, not always infallible in its conclusions. Pending the litigation he cannot improve without risking the loss of the expense thereof, and he dare not let the property remain idle; for he may be made liable for the rent and damages for neglect in not keeping it in repair, and permitting it to go to waste. He can avoid trouble by surrendering the property, but, sustained by the advise of counsel learned in the law, he believes his title to be good, and honestly hopes for a favorable decision from the courts, only to have such hope finally dissipated, in having the property, including its enhanced value, taken away from him and given to his successful opponent, it may be, by a legal technicality. The case of *Williamson* v. *Jones,* cited, settles the law, beyond dispute, to the contrary; reaffirming numerous other decisions of this Court to the same effect.

From his standpoint, the plaintiff presented his evidence and instructions, which were objected to by the defendant, and the defendant, in turn, tendered his, which were rejected by the court. The plaintiff's first and second instructions are as follows: "(1) The court instructs the jury that, as bearing on the question of honest good faith, they may consider the reservation as to the Merchant title in the decree in the case of *W. H. Boggs* v. *Bodkin and others;* and, if said Arnold failed to make proper investigation and ascertainment as to the validity of the Merchant title mentioned in said reservation, his failure to do so may be taken into account, as bearing on the question of Arnold's good faith. (2) The court instructs the jury that they should not allow the defendant anything for improvements, unless such improvements were permanent and valuable, and further, also, unless such improvements were made at a time when there was reason to believe the title good." It was not error to give these instructions, under the law, for the reason that it abundantly appears that the defendant had actual notice of plaintiff's title, by the ejection suit, and therefore he could not be regarded to be a holder of the land in good faith, although he believed his title to be the superior in law. The facts were all known to him, and he only failed in his law.

The plaintiff's fourth instruction is as follows, to-wit: "(4) The court instructs the jury that, if they believe from the evidence that the plaintiff is entitled to recover, the measure of damages in this case is the rental value of said land, and any damages done thereto by Arnold, his agents or tenants, either by their positive acts, or their negligence in their manner of cultivating said land or using the same. And, in ascertaining the rental value of said land, the jury should take into consideration, not only the profits, if any, which the evidence shows the plaintiff could easily have made in the ordinary mode of cultivation, but also any profits which the jury believe from the evidence the plaintiff could reasonably have made by the use of said farm and the spring thereon as a summer resort in connection with his hotel. And in ascertaining the damages done to said land by the acts and negligence of Arnold, his agents or tenants, if they believe from the evidence that there were such acts and negligence on their part, the measure of damages is what it would cost to restore said land, the spring and hotel, and surroundings, to the condition in which they were at the time

Arnold obtained possession thereof; and this, added to the rental value, ascertained as aforesaid, is the measure of damages in this case." One essential element is omitted from this instruction, and this is the "natural wear and tear,"—the result of nature and its elements. This does not apply to farm land, but it does to the spring and hotel, and their surroundings. All that plaintiff is entitled to is compensation for the acts of defendant, and not for the acts of God. The defendant is not bound to do anything more, under the circumstances, than a tenant. He must keep the property in repair, but he is not required to insure it against decay from time, or improve or rebuild it. This instruction requires him to restore it to the same condition it was in at the very inception of the litigation, although almost a decade has passed. In section 343, p. 401, Tayl. Landl. & T., it is said: "A tenant for years or from year to year must, therefore, keep the premises wind and water tight, and is bound to make fair and tenantable repairs, such as the keeping of fences in order, or replacing the doors and windows that are broken during his occupation. * * * But he is not bound to rebuild premises which have accidentally become ruinous during his occupation, unless he is under a covenant to rebuild. Nor is he liable for the ordinary wear and tear of the premises, nor answerable if they are burned down, nor bound to rebuild a fallen chimney, or replace doors and sashes worn out by time, to put a new roof on the building, or to make similar substantial and lasting repairs, such as are usually called 'general repairs.' " See, also, section 344. The natural wear and tear of buildings is paid for in the rent. The instruction requires a rebuilding on the part of the defendant, although the buildings may have fallen into decay by the ravages of time, without any default or neglect on his part. It is not right not to allow anything for improvements, and yet require him to rebuild the property fallen into decay, and for which he must pay a fair rental.

Plaintiff's instruction No. 3 is as follows, to-wit: "(3) The court instructs the jury that, if they find for the plaintiff, in ascertaining and fixing the damages to which he may be entitled it is proper for the jury to consider the revenues derived by Bodkin from his spring and hotel on the property in the declaration mentioned." This instruction should have been refused, because misleading. It instructs the jury to take into consideration the revenues, without regard to the expenses. In fixing a

proper rental value, the income, less the outlay, including labor, provisions, and other necessary expenses, must be taken into consideration; the net result being the profit. This profit the jury would have the right to consider, and not the gross revenues. And the same may be said as to the rental of the farm.

The defendant asked the court to instruct the jury that, upon the question of defendant's good faith, they had the right to consider the fact that the case of *Bodkin* v. *Arnold* was decided by a divided court, reversing the judgment of the circuit court. This was improper, for the reasons heretofore given,—that notice of plaintiff's title destroyed defendant's good faith, it matters not how honestly he believed he held the superior title. The facts being known and undisputed, he cannot predicate good faith on ignorance of law. The case of *Bodkin* v. *Arnold* was decided in this Court wholly on questions of law, and not of facts; and ignorance of law on the part of this Court or any of its members affords neither protection to themselves nor litigants, unless such ignorance is perpetuated by final decree, which becomes irrevocably the law of the case. Then it cannot be called in question. Defendant's instruction No. 6 is subject to the same objection.

Defendant took numerous exceptions to the evidence, which are unnecessary to repeat at length, but some of which should have been sustained, for the reason that such evidence was not pertinent to the issue, and tended to mislead the jury into giving speculative and punitive damages. The evidence should have been confined to the issue. Punitive damages were not recoverable, without the conduct of the defendant was alleged to have been without probable cause and with malice, for the purpose of injuring the plaintiff. There is no such allegation in the declaration. *Glen Jean, L. L. & D. R. Co.* v. *Kanawha, G. J. & E. R. Co.* (decided at this term), 35 S. E. 978. The pamphlet published by the defendant, and introduced in evidence, was purely speculative, and could have no weight or bearing in reaching a fair rental value of the property, and should have been excluded, as it could have no other than a highly-exaggerated and misleading tendency. The evidence of W. H. Boggs as to when and how the defendant became interested in the property, and the payment of costs prior to the time the plaintiff was dispossessed, was not proper on the issue as presented, but would have been, had the action been for malicious prosecution without

probable cause, and therefore should have been excluded. Other matters in evidence are objectionable for the same reason, which the circuit court can correct on retrial. The plaintiff objects that the bills of exceptions were not spread on the order book. The entry of the order certifying them is a sufficient spreading on the record, and is all that the law requires. Section 9, chapter 131. Code. The plaintiff further objects that there was no special bill of exceptions as to the pamphlet before mentioned. This is not necessary. See case of *Ray* v. *Railroad Co.* (decided this term) 35 S. E. 973. This, however, is not important, as the judgment must be reversed, and a new trial granted, because of the giving of the erroneous instructions Nos. 3 and 4 in behalf of the plaintiff; and these matters of evidence are only mentioned, that the error in relation thereto may not be again committed.

The plaintiff, in addition to rental, asks damages for waste and failure to repair; and while the defendant is not entitled to his improvements, if rental alone were demanded, yet, in estimating the damages for injury to the premises caused by the neglect and abuse of the defendant, the jury must take these improvements into consideration, in making up their estimate; for, to the extent they enhance the value of the property, they necessarily diminish the neglectful or willful damage thereto. In all actions of trespass, void or malicious aggravation, the true nature of damages is compensation. 26 Am. & Eng. Enc. Law, 674. The plaintiff is compensated for the damage sustained, and if he has sustained none, by reason of the damage being cured by improvements made by the defendant, he has no cause of complaint, because he is fully compensated. If his property is just as valuable to him after as before the alleged damage, he has suffered no loss, and the defendant has incurred no liability, other than nominally. 10 Am. & Eng. Enc. Law (2d Ed.) 546. While plaintiff is debarred from speculative profit, he is entitled to interest on the rent accruing annually. *Bolling* v. *Lersner*, 26 Grat. 36. Plaintiff may recover in this case: (1) The fair rental value of the property in the condition it was in, and for the purposes it was used, at the time he was dispossessed, with interest on the annual rentals as they fall due. (2) Damages for waste, arising from the failure to repair and the abuse of the property by the defendant or his tenants; being the net damage thereto, after deducting from the gross damages the en-

hanced value of the property from any improvements made thereon by the defendant. In the present state of the pleadings, the evidence should be restricted to the ascertainment of a just compensation to the plaintiff, as above indicated, and should not be allowed to become punitive or speculative in its nature. For the errors aforesaid, the judgment is reversed, the verdict set aside, and a new trial awarded the defendant.

*Reversed.*