(113 N. W. 872.)

---

Emerson K. Bull v. Clara A. Beiseker and Thomas L. Beiseker

Opinion filed Oct. 23, 1907.

**Persons Entitled to Enforce Real Covenants — Remote Grantee — Pleading.**

1. A complaint in an action brought by the assignee of a remote grantee to recover damages for breach of covenants in a deed to real property, which the complaint alleges that the covenanter neither had title to nor possession of at the time of the execution and delivery of such deed, and fails to allege any transfer of such cause of action by the covenantee to plaintiff's assignor, does not state facts sufficient to constitute a cause of action.

**Same — Failure of Title or Possession, Covenants Do not Run With the Land.**

2. Where the covenanter has neither title nor possession, the covenants do not run with the land, so as to transfer the cause of

action for the breach thereof to remote grantees by operation of as-sumed conveyances of the property by the execution and delivery of deeds purporting to convey the same.

### Same — Breach — Constructive Eviction — Remedy.

3. If a grantor assumes to convey real property with full cove-nants of warranty when he has neither title nor possession, there is at once a constructive eviction of the grantee, which entitles him to the same remedies which he would have had if he had been evicted from actual possession.

### Same — Privity of Estate or Contract.

4. In order to recover in such an action, plaintiff must allege and prove either privity of estate or of contract.

### Void Foreclosure — Color of Title Does Not Carry Constructive Possession.

5. A mere naked color of title, derived through a void fore-closure, does not draw to it even the constructive possession of the property, and therefore does not operate to vest any estate or interest in the property, and cannot confer any such estate or interest by mere lapse of time.

Action by Emerson K. Bull against Clara A. Beiseker and oth-ers. From an order sustaining a demurrer to the complaint, plain-tiff appeals.

Affirmed.

*J. W. Bull* and *Newton & Dullam,* for appellant.

Publication of foreclosure notice for less than 42 days is void. Finlayson v. Peterson, 5 N. D. 587, 67 N. W. 953; Dever v. Corn-wall, 10 N. D. 123, 86 N. W. 227.

Whether the covenant runs with land depends upon privity of contract, not upon the character of the title passed by the convey-ance. Allan v. Kennedy, 91 Mo. 330; Kimbal v. Bryant, 25 Minn. 496; Schofield v. Iowa Homestead Co., 32 Iowa, 318.

*R. A. Palmeter* and *Turner & Wright,* and *Robert G. Morrison,* for respondents.

For title to run with the land, some interest in the property must be passed. Rev. Codes 1905, section 5229.

Covenants run with the land but damages from broken coven-ants do not. 8 Am. & Eng. Enc. Law. (2d Ed.) 156; Parsons

v. Council Bluffs, 45 Iowa, 652; Stodgill v. Chicago, B. & Q. Ry., 5 N. W. 495; 1 Smith's Leading Cases (8th Ed.) 205.

Constructive eviction affords same remedies as actual. McInnis v. Lyman, 22 N. W. 405; Michal v. Alexander, 28 Wis. 118; Mc-Lennan v. Prentice, 45 N. W. 943; Wallace v. Pereles, 85 N. W. 371; Dahl v. Stakke, 12 N. D. 325, 96 N. W. 353.

Covenant of a stranger to title does not run with land. 1 Jones on Real Property, section 942; 2 Wash. R. Pr. (6th Ed.) section 1203; Mygatt v. Coe, 46 N. E. 949; 11 Cyc. 1097, 1098, 1099, 1100; 8 Am. & Eng. Enc. Law (2d Ed.) 151; 2 Mod. Law R. Property, section 401; Hubbard v. Norton, 10 Conn. 433; Mitchell v. Warner, 5 Conn. 503; Davis v. Lyman, 6 Conn. 255; Ballard v. Child, 34 Me. 355; Chapman v. Kimball, 7 Neb. 399; Davidson v. Cox, 10 Neb. 150; Kennedy v. Norton, 10 Heisk. 384; Galliher v. Galliher, 10 Lea, 23; Moore v. Merrill, 17 N. H. 75, 43 Am. Dec. 593; Peters v. Bowman, 98 U. S. 56.

Grantee cannot sue a remote grantor for breach of covenant occurring in latter's time. 1 Smith Leading Cases (9th Ed.) 234; Mygatt v. Coe, supra; Bestwood v. McGwin, 29 So. 399; Allen, Admr. v. Greene, 19 Ala. 40; Mitchell v. Warner, 5 Conn. 497; Whitney v. Dinsmore, 60 Mass. 124; Gan v. Sandford, 12 N. J. Law, 2611; Keegan v. O'Callaghan, 35 App. Ct. Ill. 143; Indianapolis Water Co. v. Nulte, 126 Ind. 373; Pyle v. Gross, 92 Md. 132; Barklay v. Steers et al., 47 La. Ann. 952; Hunt v. Curtis, 19 Pick. 459; Ladd v. Noyes, 137 Mass. 151; Smith v. Richards, 135 Mass. 79; Sheldon v. Codman, 57 Mass. 318; Prov. Life & Trust Co. v. Seidel, 147 Pa. St. 232; Hurd v. Curtis, 19 Pick. 459; Bronson v. Coffin, 108 Mass. 181; Wheeler v. Schad, 7 Nev. 204; Chapman v. Kimball, 7 Neb. 399; Davidson v. Cox, 10 Neb. 153; Real et al. v. Hollister, 29 N. W. 189; Mygatt v. Coe, supra; Bowne v. Wolcott, 1 N. D. 497, 48 N. W. 336; N. P. Ry. Co. v. McClure et al., 9 N. D. 73, 81 N. W. 52; Prov. L. & S. Co. v. Fiss, 147 Pa. State, 240; Pigeon River Lumber & I. Co. v. Ninus, 48 S. W. 391; McConaughey v. Bennett, executors, 40 S. E. 541; Beardsley v. Knight, 4 Vt. 471; Devore v. Sunderland, 17 Ohio, 52; Martin v. Gordon, 24 Ga. 533; Burtners v. Karan, 23 Grat. 42; McInnis v. Lyman, 22 N. W. 405; McLennan v. Prentice, 45 N. W. 943; Wallace v. Pereles, 85 N. W. 371.

FISK, J. Plaintiff, an assignee of a remote grantee in a deed purporting to convey certain real property, brought this action in the district court of Wells county to recover damages against defendants, who are remote grantors, for the breach of certain covenants contained in the latters' deed to their immediate grantee, one Charles A. Johnson. The complaint alleges that at the date such deed was executed and delivered by defendants to the said Johnson they had no right, title or interest in the real property therein described, nor had they the possession thereof. The complaint then alleges the execution and delivery of a deed of such premises by the said Johnson to one W. D. Washburn, who thereafter, in order to obtain title to said land, was obliged to and did purchase title to the same from the owner, one J. W. Bull, and as a portion of the consideration therefor the said Washburn, at the request of the said J. W. Bull, assigned to plaintiff herein the cause of action which he claimed to have against defendants for breach of the covenants in the latter's deed to Johnson, amounting to $1,120 and interest; such sum being the consideration paid by Johnson to defendants for such deed. Defendants demurred to the complaint upon the ground that it failed to allege facts sufficient to constitute a cause of action. The district court sustained the demurrer, and to reverse such order this appeal is prosecuted.

We think the demurrer was properly sustained. From the facts disclosed by the complaint, it is apparent that Washburn had no cause of action against defendants which he could assign to plaintiff. The action was brought and the complaint framed upon the mistaken theory that the covenants contained in defendants' deed to Johnson were covenants running with the land, and therefore passed to Washburn by the deed from Johnson to him. This probably would be true if any title or possession was transferred by such conveyances; but under the facts alleged in the complaint neither title nor possession, actual or constructive, passed under the deeds, and hence there was nothing for the covenants to run with. There was a constructive eviction of the grantee immediately upon the execution and delivery of the deed to Johnson, and a cause of action for breach of the covenants in such deed at once arose in his favor against the Beisekers to recover damages therefor, and the deed from Johnson to Washburn did not operate to assign to the latter such cause of action. While a few isolated cases may be found holding to the contrary, we think the correct

rule, and the one supported by the overwhelming weight of authority, is to the effect that a cause of action for breach of a covenant in a deed under which neither title nor possession is transferred does not pass to the grantee of the covenantee by the mere execution and delivery of a deed from the latter to the former, as the covenants in such a deed do not run with the land.

It is true, as counsel for appellant say, that defendants had color of title at the time of executing the deed to Johnson; but such mere color of title was not accompanied by actual possession of the property, and did not draw to it even the constructive possession thereof, such constructive possession following the legal title. Therefore such mere naked color of title would not ripen into a title by lapse of time, as suggested by appellant. It would serve no useful purpose to review the many adjudicated cases upon this question, and we will content ourselves by calling attention to the following: Bowne v. Wolcott, 1 N. D. 500, 48 N. W. 426; N. P. Ry. Co. v. McClure, 9 N. D. 73, 81 N. W. 52, 47 L. R. A. 149; McInnis v. Lyman, 62 Wis. 191, 22 N. W. 405; Wallace v. Pereles, 109 Wis. 316, 85 N. W. 371, 53 L. R. A. 644, 83 Am. St. Rep. 898; Mygatt v. Coe, 152 N. Y. 457, 46 N. E. 949, 57 Am. St. Rep. 521; Ladd v. Noyes, 137 Mass. 151; Real et al. v. Hollister, 20 Neb. 112, 29 N. W. 189; Chapman v. Kimball, 7 Neb. 399; Davidson v. Cox, 10 Neb. 153, 4 N. W. 1035; 8 Am. & Eng. Enc. Law (2d Ed.) 149, 151; 11 Cyc. 1097-1100, and numerous cases cited; 1 Jones on Law of Real Prop., section 942; 2 Washburn, Real Prop. (6th Ed.) section 1203; note to 1 Smith's Lead. Cas. (8th Ed.) 205.

Section 5229 of our Revised Codes, referred to by appellant's counsel, in no manner changes the rule almost universally announced by the courts of this country as enunciated in the foregoing authorities. This section merely provides that certain covenants in grants of estates in real property pass with them, so as to bind the assigns of the covenantor and vest in the assigns of the covenantee in the same manner as if they had personally entered into them. "Such covenants are said to run with the land." The section merely attempts to define what covenants run with the land. In order that covenants may run with the land, it is apparent that some interest in the property must be granted; and, as we have heretofore observed, no interest whatever was granted by defendants to Johnson according to the facts alleged in the complaint.

The conclusion above reached makes it unnecessary to consider the other points raised by counsel.

The order appealed from is affirmed. All concur.