## Richmond.

## MCDONALD AND OTHERS V. ROTHGEB AND OTHERS.

November 16, 1911.

Absent, Cardwell, J.

1. COVENANTS—*Warranty by Husband of Wife's Title—Personal Liability.*—Where a husband joins with his wife in the conveyance of her life estate in land to the title of which he is a stranger, and they covenant that they will warrant generally the title to the land, if there is any liability upon the husband upon his warranty, it is a personal liability merely to the grantee in the deed, incident to and co-extensive with the life estate of the wife. Certainly such warranty cannot enlarge the estate granted.

2. ESTOPPEL—*Warranty by Husband of Wife's Title to Life Estate—Subsequent Acquisition of Remainder in Fee.*—A husband who is a stranger to his wife's title to land, without either possession or beneficial interest in her estate, but who, for the sake of conformity to the statute, unites with her in a conveyance, with covenants of general warranty, of her life estate in the land, is not estopped by his warranty to claim his share in the remainder in the property cast upon him by the subsequent death of his daughter.

3. IMPROVEMENTS—*Record Evidence of Defective Title.*—A purchaser of land who has been evicted by title paramount is not entitled to an allowance for improvements placed upon the land upon the ground that "there was reason to believe the title good" where the defect in the title was apparent upon the records, with notice of which he was charged. He had no right to close his eyes to the records, and cannot be said to be ignorant of facts when he is affected with constructive notice of them.

Error to a judgment of the Circuit Court of Page county in an action of ejectment. Judgment against the defendant for only a part of the premises claimed. Plaintiffs assign error.

*Reversed.*

The lot in controversy was conveyed to Jennie Powell for her life with remainder in fee to her children by her then husband. Subsequently she and her husband conveyed the land, with general warranty as to both of them, to Jane C. Frittz.

*H. W. Bertram, C. A. Hammer, O. B. Roller* and *Ed. C. Martz,* for the plaintiffs in error.

*R. F. Parks* and *Walton & Walton,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

The defendants in error acquired title, by remote purchase, to the life estate of Jennie Powell in certain lots located in the town of Shenandoah, in Page county, Virginia, and after her death the plaintiffs in error, holders of the fee simple title to the lots in remainder, instituted an action of ejectment for their recovery.

A jury having been waived and all matters of law and fact submitted to the court, judgment was rendered in favor of the plaintiffs, other than Robert Powell, for an undivided two-thirds interest in the lots. But the court found for the defendants as to the one-third undivided interest to which Powell asserted title. The court, moreover, allowed the defendants for the value of improvements made by them upon the lots in excess of the damages awarded the plaintiffs.

The grounds of error assigned involve the ruling of the court in giving judgment for the defendants for the one-third undivided share of Robert Powell, and also to the allowance for improvements.

Robert Powell was the husband of Jennie Powell, and

united with his wife in a deed conveying her estate in the lots to Frittz. Rachel Powell died subsequent to the execution of this deed, unmarried and without issue, and her father, Robert Powell, who was her sole heir at law, inherited her vested remainder, an undivided one-third interest in the property, after the expiration of the life estate of her mother, Jennie Powell. The deed to Frittz contained the following covenant: "And the said Robert Powell and Jennie, his wife, covenant that they have good right to sell and convey said property aforesaid, and that they will warrant generally the title to the same."

The trial court was of opinion that the covenant on the part of Robert Powell ran with the land, and estopped him from asserting his after-acquired title as heir to Rachel. The husband was a stranger to his wife's title to the property and had no interest in her life estate therein. The recitals of the deed show this, and that it was conveyed by Coverstone to the wife alone. The life estate in the wife, therefore, was all that she had power to convey; and if, in the circumstances detailed, there was any liability on the husband upon his warranty, it was a personal liability merely to the grantee in the deed, incident to and co-extensive with the life estate of the wife. Certainly such warranty could not operate to enlarge the estate granted.

In *Bull* v. *Beiseker,* 16 N. D. 290, 113 N. W. 870, 14 L. R. A. (N. S.) 514, it was held, that "Where a covenanter has neither title nor possession, the covenants do not run with the land, so as to transfer the cause of action for the breach thereof to remote grantees by operation of assumed conveyances of the property by the execution and delivery of deeds purporting to convey the same." The court declares that the foregoing principle is supported by the overwhelming weight of authority, and cites a number of cases to sustain it.

Among the citations will be found the leading case of

*Mygatt* v. *Coe,* 152 N. Y. 457, 46 N. E. 949, 57 Am. St. Rep. 521, which is strongly in point.   There a married woman had purchased real estate, which was conveyed to her for her sole and separate use, free from the control of her husband. The wife, supposing that she had good title, sold and conveyed the property, with covenants of warranty in which her husband joined.   It was afterwards discovered that the grantors had no title, and in a suit by a remote grantee, who had been evicted by title paramount, to recover on the warranty, it was held that the husband was not liable.   The court there laid down the principles, that "If a husband joins with his wife in a conveyance of her separate estate and covenants that she has good right to convey the premises, and the deed also contains the usual covenants of warranty and for quiet enjoyment, such covenants, as against the wife, pass with the land, because she has possession of it and delivers such possession to her grantee, but as the husband had no possession in his own right, and therefore delivered none to the grantee, his covenant is personal and does not run with the land, and a subsequent grantee cannot recover against the husband thereon, unless he can prove its assignment to him."

"Though a husband lives with his wife and family on her lands, pays taxes thereon, and keeps them in repair, this does not impair her title to the possession, nor give him the possession of the property or any right to the possession thereof."   *Mygatt* v. *Coe, supra.*

Our conclusion, therefore, on this branch of the case is, that the husband being a stranger to the wife's title, without either possession or beneficial interest in her estate, and uniting with her in the conveyance to Frittz merely for the sake of conformity under the statute, was not estopped by his warranty to claim his share in remainder in the property as heir to his daughter Rachel.

With respect to the matter of allowance for improve-

ments, we are of opinion that the question involved is ruled by the conclusion reached by this court in the analogous case of *Nixdorf* v. *Blount,* 111 Va. 127, 68 S. E. 258, and cases cited in the opinion.

It seems to us that to hold that a purchaser can close his eyes to his record title and recover for improvements on the theory that "there was reason to believe the title good" (Virginia Code, 1904, sec. 2763), would be to set a premium on negligence and nullify our registry statutes.

It was said in *Bodkin* v. *Arnold,* 48 W. Va. 108, 109, 35 S. E. 980, 981, that "belief, to be *bona fide,* must be founded in ignorance of facts and not ignorance of law." And ignorance of fact cannot be predicated of a case where the purchaser is affected with constructive notice.

These views are decisive of the case, and render the consideration of subordinate questions unnecessary.

The judgment complained of must be reversed, and this court will retain the case and render such judgment for the plaintiffs in error as the circuit court ought to have entered.

*Reversed.*