## CIRCUIT COURT OF ORANGE COUNTY

Orange County

v.

Gene A. Parris et al.

September 3, 1991

Case No. (Chancery) E84–122

By Judge Lloyd C. Sullenberger

Defendants Gene A. Parris and wife owned a lot in Lake of the Woods in Orange County. Real estate taxes became delinquent; the County brought a suit for judicial sale of the lot; the Parrises did not respond to the suit; and the lot was sold to James R. Richardson and wife, who later built a dwelling thereon.

The Parrises later appeared and contested the validity of service of process on them by order of publication because of the insufficiency of the affidavit in support thereof. This court held process to have been insufficient to give the Parrises notice so they were not properly before the court, and the judicial sale was flawed and was set aside.

Then the Richardsons filed an application under Va. Code § 8.01–166 for allowance for permanent improvements made to the lot after their purchase thereof.

The parties, the Parrises and the Richardsons, agreed that the court should hear evidence and argument on whether the Richardsons are entitled to any allowance for improvements. If the court determines them so entitled, a trial will be held on the amount of allowance for improvements in excess of the value of the use and occupation of the lot.

The court heard the evidence and has now received and considered written argument of counsel.

The statute, under which the Richardsons proceed, § 8.01-166, provides in part here pertinent:

Any defendant against whom a decree or judgment shall be rendered for land . . . may, at any time before the execution of the decree or judgment present a pleading to the court rendering such decree or judgment, stating that he . . . while holding the premises under a title believed by him . . . to have been good . . . [has] made permanent improvement thereon and moving that he should have an allowance for the same which are over and above the value of the use and occupation of the land . . . .

The Supreme Court of Virginia has recently restated the test of whether one has held land under title believed by him to have been good. The court said:

[T]his section [§ 8.01–166] has no application to one who is not a *bona fide* purchaser and that a person with notice, actual or constructive, of infirmity in his title cannot recover for improvements.

*White v. Pleasants*, 227 Va. 508, 515 (1984) (citations omitted).

The law, then Va. Code 1919, § 5491, is more fully discussed in *Kian v. Kefalogiannis*, 158 Va. 129, 132–35 (1932).

In that case, quoting from *McDonald v. Rothgeb*, 112 Va. 749 (1911), which quoted from *Bodkin v. Arnold*, 48 W. Va. 108, 109, 35 S.E. 980, 981, the Virginia court said that "belief, to be bona fide, must be founded in ignorance of facts, and not ignorance of law. And ignorance of facts cannot be predicated on a case where the purchaser is affected with constructive notice." *Id.* at 134.

The dissent in *Kian* addresses the harsh result which frequently occurs from application of the Virginia law.

Did the Richardsons have actual or constructive notice that their title was not good?

The affidavit made by Henry Lee Carter, attorney for the County of Orange in the real estate tax enforcement proceeding, stated that the Parrises "may not be residents of the Commonwealth of Virginia and that their last known past office address is unknown." An order of publication was issued against the Parrises. The case was referred to a Commissioner in Chancery who found that necessary parties were before the court (there being no issue of that matter at that time) and that the lot should be sold to enforce the tax lien. The court confirmed the report of the Commissioner in Chancery and ordered

sale at public auction by decree entered March 1, 1985. On March 23, 1985, sale was held, with the Richardsons being the high bidders.

At the sale the Richardsons engaged Carter who, as counsel for the county, had been named Special Commissioner for the sale to handle the closing for them, including obtaining owners' title insurance.

The sale was confirmed by decree entered April 11, 1985. The Special Commissioner conveyed the property to the Richardsons, the proceeds were disbursed, and the suit was originally ended on December 17, 1987.

The Richardsons acknowledged, as they must, that they were not bona fide purchasers of the lot if they had actual notice of the defect in their title or if they were chargeable with constructive notice of the defect.

As to actual notice, the Richardsons employed Carter as their attorney (agent) to obtain owners' title insurance for them. They are charged with the actual notice that Carter had. The evidence showed that Carter had no basis in fact for concluding that the Parrises were not residents of Virginia. For that reason, he averred that they might not have been residents of Virginia. Likewise, his statement in the affidavit that the Parrises' last known address was unknown was not correct since he had an address for them in Virginia even though, because of a scrivener's error, it was incorrect. While Carter had no fraudulent intent, his affidavit was not accurate.

Thus, the court finds that Carter's notice, imputed to the Richardsons, that the affidavit was inaccurate constituted actual notice to them that the order of publication was defective and that the court could not properly order the lot sold.

Further, the Richardsons were charged with constructive notice of what was in the public records, including the matters contained in the suit papers.

Aside from what their agent Carter knew which was imputed to them, the Richardsons had no knowledge that the facts recited in the affidavit were not wholly accurate. However, the legal sufficiency of the affidavit; that is, that it must have averred that the Parrises were nonresidents; or that diligence had been used without effect to ascertain their location; or that their last known residence was in the county or city in which service was sought and a return had been filed by the sheriff that process had been in his hands for twenty-one days and that he had been unable to make service, see Code § 8.01–316(1)(a), (b), (c), is a matter of law.

Therefore, that the affidavit did not comply with the statute permitting service of process by order of publication upon sufficient affidavit was ignorance of law, not of fact.

Since having a bona fide belief that one's title is good must be founded on ignorance of fact, and not of law, and failure to recognize the facial shortcomings in the affidavit is ignorance of law, the Richardsons cannot be held to have believed their title was good.

Accordingly, they are not entitled to an allowance for improvements under Va. Code § 8.01–166.