Cook and others vs. Bellack.

Cook and others, Appellants, vs. Bellack, Respondent.

*February 9 — February 26, 1901.*

| 109 | 391 |
|-----|-----|
| 117 | 433 |

*Married women: Ownership of land: Obstruction of street: Responsibility of husband: Equity.*

1. All the usual incidents and marks of ownership attach to and accompany the title of a married woman to real estate, the same as if she were unmarried; and if it be a dwelling house, in which she resides, the presence of her husband does not detract from her full possession and ownership.

2. In an action to compel the removal of a shed, etc., from an alleged public street, it appeared that the *locus in quo* was claimed by the wife of the defendant as part of adjoining premises belonging to her, and the only act of the defendant in connection therewith was to make repairs thereon as agent for his wife. *Held*, that the complaint was properly dismissed.

APPEAL from a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The purpose of this action is to require the defendant to abate and remove a fence and a shed alleged to have been placed and maintained within the limits of a public street by defendant, and for a perpetual injunction restraining him from maintaining the same therein in the future. The street in question was alleged to be appurtenant to property owned by plaintiff. The answer alleged that the *locus in quo* was the property of his wife; that it had never been opened or used as a street, and that his wife and her grantors had been in the open and exclusive possession thereof for more than twenty years under claim of title in fee. The court found the facts with the defendant, and especially that he was not in possession of the disputed tract and made no claim or assertion of title or right to possession thereto; and, further, that said tract, since about the year 1869, had been in the continuous and adverse possession of Mrs. Bellack and her grantors. Other facts were found relative to the location, situation, and surroundings, which are not deemed

Cook and others vs. Bellack.

material. Judgment was entered dismissing the complaint, with costs, from which plaintiffs have appealed.

For the appellants there was a brief by *W. H. Lander* and *E. E. Brossard*, and oral argument by *Mr. Brossard*.

For the respondent there was a brief by *W. C. Leitsch*, attorney, and *W. S. Stroud*, of counsel, and oral argument by *Mr. Stroud*.

BARDEEN, J. Upon the general question of whether the findings are contrary to the evidence, we have no hesitancy in saying that there is evidence to support the facts found, and no clear preponderance against them. The finding that the defendant had no title and no possession of the place in controversy, and makes no claim thereto, is decisive against the plaintiffs. The title and possession is found to be in defendant's wife. Since a married woman may hold real estate in her own right, and may convey the same in like manner as if she were unmarried, there must attach to her title, and accompany it, all the usual incidents and marks of ownership. If the real estate be a dwelling house, in which she resides, the presence of her husband there as the head of the family cannot in the least detract from her full possession and ownership. *Mygatt v. Coe*, 152 N. Y. 457. So far as the maintenance of the shed is concerned, if it be admitted the place was a street, no liability rests upon defendant therefor. His only act in connection therewith was to repair it, as agent of his wife, after it had blown down. The fact that he uses it creates no obligation against him which may be enforced in this suit. The legal possession is with the owner, and she, and not her husband, is responsible for its maintenance. We agree fully with the conclusions stated by the trial court that the plaintiffs have no standing in a court of equity.

*By the Court.*— The judgment is affirmed.