IOWA LOAN & TRUST COMPANY, Plaintiff in Error, v. JOHN FULLEN, Defendant in Error.

Kansas City Court of Appeals, November 6, 1905.

1. COVENANTS FOR TITLE: Running With the Land: Assignment: Trustee's Deed. The deed of a trustee foreclosing a deed of trust will carry the rights under the covenants for title.

2. ———: ———: Grantor Without Title: Delivery of Possession. Where the grantor has no title, if he delivers possession to his grantee the possession is sufficient to create privity of estate and the grantor's covenant will run to remote grantees.

3. ———: ———: Breach: Chose in Action: Assignment. Where a covenant runs with the land and there is a breach, it becomes a chose in action in the hands of the person owning the premises at the time of the breach and does not further run with the land; but such chose is assignable by an ordinary warranty deed and may pass to any remote grantee within the period of limitation.

4. ———: ———: Chose in Action: Assignment. Where the covenant is merely personal and not running with the land, if a breach occurs with the land in the hands of the immediate grantee he has a right of action on the covenant and his warranty deed will assign the same to his grantee and so on until barred by limitation.

5. ———: ———: Husband and Wife: Possession. Where the wife owns a life estate the husband has no interest and his covenant without the delivery of possession to the immediate grantee creates no privity of estate between him and such grantee.

6. ———: ———: ———: ———. A husband whose wife has a life estate is in part occupancy rather than possession of the premises and the delivery of estate to their grantee is not a delivery by the husband in the legal sense.

7. ———: ———: Possession: Breach. If the covenant of a grantor having no title is personal as to his immediate grantee, such immediate grantee has no right of action until a breach occurs and his deed before such breach does not assign a cause of action.

Error to Putnam Circuit Court.—*Hon. Paris C. Stepp*, Judge.

AFFIRMED.

*John C. McKinley* and *Higbee & Mills* for plaintiff in error.

(1) Fullen's covenant that he was seized of an indefeasible estate in fee was a covenant of indemnity that runs with the land and a cause of action for the breach thereof is assignable. Upon the conceded facts plaintiff was assignee of defendant's covenants and should have recovered. A sheriff's or trustee's deed is effectual as

an assignment. Bernard v. Duncan, 38 Mo. 170; Johnson v. Johnson, 170 Mo. 34. (2) It will be observed that the Fullens put Torrey in possession and that he and all subsequent grantees had possession until Mrs. Culler was ousted in 1902. "Under these circumstances the covenants of seizin of an indefeasible estate in fee, as well as the covenant for further assurances, passed along with the land and both covenants are available to the plaintiff, he being the party upon whom the loss falls." Foote v. Clark, 102 Mo. 394; Allen v. Kennedy, 91 Mo. 324. (3) It is agreed Andrew J. Morgan died in June, 1866; the homestead act took effect August 1, 1866. Mrs. Fullen, the widow of Morgan, only had a life estate under homestead act of 1863. Session Acts, 1863, p. 23, sec. 11. Upon Mrs. Culler's ouster a cause of action accrued to plaintiff as assignee of the covenants in defendant's deed. Cockrell v. Proctor, 65 Mo. 41. Fullen having made the covenants, is bound thereby. Pratt v. Eaton, 65 Mo. 157. (4) Plaintiff's action is not barred; it was brought within ten years after ouster. R. S. 4272, second clause. The cause of action accrued upon the ouster, when paramount title was successfully asserted. Dicksen v. Desire, 23 Mo. 151; Chambers v. Smith, 23 Mo. 174; Blondeau v. Sheridan, 81 Mo. 545. The substantial right of action did not arise until eviction. White v. Stevens, 13 Mo. App. 240; Magwire v. Riggin, 44 Mo. 512; State ex rel. v. Tittman, 134 Mo. 162.

*Lorenzo Jones* and *Wilson & Clapp* for defendant in error.

(1) Defendant's covenant in the deed to Torrey was only a personal covenant as to Torrey, and did not run with the land, and was not assigned to plaintiff in error by the successive deeds of conveyance. (a) In order that covenants may run with the land, there must be a privity of estate between the covenanting parties, and the covenant must have relation to an interest

created or conveyed or the covenant will not pass to the grantee of the covenantee. 8 Am. and Eng. Ency. Law (2 Ed.), 147 and cases cited; Adkins v. Tomlinson, 121 Mo. 487. (b) If the grantor has no title and is not in possession of the land when he makes his deed, his covenants do not attach to and run with the land. 8 Am. and Eng. Ency. Law (2 Ed.), p. 149; Maygatt. v. Coe, 152 N. Y. 457; Adkins v. Tomlinson, 121 Mo. 495. (c) Mrs. Fullen held the land under the provisions of the homestead act of 1863, as her separate equitable estate. Laws of Missouri, 1863, p. 23; Morrison v. Thistle, 67 Mo. 599, and authorities cited; 22 Am. and Eng. Ency. Law (1 Ed.), note p. 5; Clark v. Maguire, 16 Mo. 309-311; 26 Cent. Dig., column 1249, note bb; Botts v. Gooch, 97 Mo. 88, and cases cited. (d) Defendant in error had no title and was not seized of land. Stewart v. Ball's Admr., 33 Mo. 156; Maygatt v. Coe, 152 N. Y. 457. (2) This suit is for an alleged breach of the covenant of seizin, and was not brought within ten years after the cause of action, if any, accrued. The deed containing the covenant sued on was made in 1889, and this suit was not brought until 1902. (3) Defendant in error was not at the time of the execution of the deed the owner or in possession of the land, and did not claim any title or interest therein. Therefore, his covenant with Torrey, if broken at all, was broken as soon as made, and his right of action was then fully accrued. Adkins v. Tomlinson, 121 Mo. 487; Blondeau v. Sheridan, 81 Mo. 545; Kirkpatrick v. Downing, 58 Mo. 32; Murphy v. Price, 48 Mo. 247; 8 Am. and Eng. Ency. Law (2 Ed.), p. 151; R. S. 1899, sec. 4272. (4) Defendant in error had no interest in the land and claimed none. He received no part of the consideration paid, but the same was paid to Mrs. Fullen, and upon her death was distributed among her heirs. In no event can the recovery exceed the consideration received by the defendant. 8 Am. and Eng. Ency. Law (2 Ed.), p. 176; Dickson v. Desire, 23 Mo. 151. (5) The husband is not

bound by the covenants in a deed conveying the wife's lands held by her as her separate estate. Maygatt v. Coe, 152 N. Y. 457. But the wife will be held liable on her covenants in such deed to the extent of her interest in the land conveyed. Heinmiller v. Hatheway, 60 Mich. 391; Barlow v. Delaney, 36 Fed. Rep. 577, affirmed 40 Fed. Rep. 97. (6) The deed to plaintiff in error was a trustee's deed made after Mrs. Culler had been evicted. The covenant had beyond question been broken. While a right action for covenant broken may be assigned by a deed with the usual covenants (Allen v. Kennedy, 91 Mo. 324; Winningham v. Pennock, 36 Mo. App. 688 l. c. 693), it will not be assigned by a deed not containing such covenants. 8 Am. and Eng. Ency. Law (2 Ed.), 158; Bellows v. Litchfield, 83 Ia. 36; Crum v. Cotting, 22 Ia. 411.

ELLISON, J.—Andrew J. Morgan owned a tract of land in Putnam county in 1866. He died in that year leaving several children, and Elizabeth S. Morgan as his widow, the latter becoming owner of a life estate in the land under the homestead law of 1863. Elizabeth afterwards married John Fullen, the defendant in this case. Elizabeth, afterwards, in 1889, sold the land to Jacob R. Torrey for $500, the deed being a general warranty with covenants of seizin, the defendant, her husband, joining in the deed and the covenants. Torrey, the grantee, obtained of plaintiff, a loan company in Iowa, a loan of $1,100, due in five years, for which he executed his note and a deed of trust on the land in 1892 to secure the same to C. A. Dudley as trustee. Torrey conveyed the land by warranty deed in 1893 and so it was successively conveyed until it reached Mrs. Addie Culler in 1896. Elizabeth died in 1893, which put an end to her life (or homestead) estate, and the full title became vested in her children by Morgan, her first husband. One of these children acquired the title of the others and brought ejectment against Mrs. Culler.

He obtained judgment and ousted her from the land in 1901.

Default was made in the payment of the note given by Torrey to this plaintiff and, in consequence, a substituted trustee sold the land under the deed of trust in 1902, and this plaintiff bought it in for ten dollars. Plaintiff then brought this action against defendant, John Fullen, on his covenants in the deed from him and his wife Elizabeth to Torrey, as above stated, to recover the five hundred dollars consideration which Torrey paid for the land.

The question for decision is: Is the defendant liable to a remote grantee on his covenant in the deed he and his wife made to Torrey, their immediate grantee? In the first place we will say that, if defendant's covenant is such as to run along with the land to successive grantees, it is no objection to his liability that, in this case, the plaintiff is a grantee through a trustee's deed under a sale made in the foreclosure of a deed of trust. A sheriff's deed will transfer such right (Dickson v. Desire, 23 Mo. 166) and so will a quitclaim deed (Johnson v. Johnson, 170 Mo. 48), and we can see no reason why a deed from a trustee under power of sale in a deed of trust should not.

Though it has long been a matter of discussion, it is now settled by the weight of authority that for a covenant to run with the land there must be privity of estate or of contract between the covenantor and the remote grantee. But, even though there is no title in the grantor, if he delivers his grantee possession of the premises, such possession is sufficient to create privity of estate, and the grantor's covenant will run along to subsequent or remote grantees. But, if no title of any kind is conveyed and no possession is delivered, the grantor's covenant reaches no further than his immediate grantee, which the latter may, of course, assign. The covenant in such case is the covenant of a stranger to the title and to the premises and is merely personal

between him and the grantee, to whom he makes it. [Mygatt v. Coe, 152 N. Y. 457.] There was dissent to the view taken by the majority in that case at each of the considerations it received. The dissenting judges took the view that any covenant, even by a stranger, which related to the estate, conveyed and tended to enhance its value, attached to the land as a part of the estate and passed to subsequent grantees. But the Supreme Court of this State has not entertained that view and, on that point, have held in harmony with the Court of Appeals of New York in the case cited. Thus, in Dickson v. Desire, 23 Mo. 166, it is held that a covenant by a grantor, *where possession* went with the deed, would run with the land. And in Chambers v. Smith, 23 Mo. 179, it is held that, ''If there be a total defect of title, defeasible and indefeasible, and the possession have not gone along with the deed, the covenant is broken as soon as it is entered into, and cannot pass to an assignee upon any subsequent transfer of the supposed right of the original grantee. . . . If, however, the possession pass, although without right—if an estate in fact, although not in law, be transferred by the deed, and the grantee have the enjoyment of the property according to the terms of the sale, the covenant runs with the land and passes from party to party, until the paramount title results in some damage to the actual possessor, and then the right of action upon the covenant vests in the party upon whom the loss falls.'' And so, in Allen v. Kennedy, 91 Mo. 324, the court stated that the covenant ran with the land, if the covenantee took any estate, however defeasible, or if *possession* accompanied the deed. So, undoubtedly, it is the law in this State that the conveyance containing the covenant must transfer some estate, however defeasible or imperfect, or the possession (which is a form of estate) must be transferred to the covenantee before the covenant will pass beyond the original covenantee, or, in other words, run with the land. It is true that it is held in Allen v. Kennedy that

where there is such a covenant as will run with the land and there is a breach of such covenant, it becomes a chose in action in the hands of the person owning the premises at the time of the breach, and does not further run with the land as a covenant. And, being a chose in action, it may be assigned by the covenantee, and that the ordinary warranty deed would operate as an assignment from grantor to grantee successively. The result of such view is that, notwithstanding a covenant which runs with the land will cease to so run at the time there is a substantial breach, yet the covenantee, in whose hand the breach occurs, and subsequent covenantees may transfer or assign it down the line by their warranty deeds, so that it may be sued on by any remote grantee at any time short of the period of limitations. A substantial breach occurring, the covenant runs no further, though the covenants, or rather the right of action on the covenant, will be assigned by the warranty deed of the covenantee.

There is another consideration, which here suggests itself and should be noticed. Even though the covenant, on account of the character of estate to which it relates, is a mere personal covenant with the immediate grantee and not running with land, yet, if a substantial breach of it occurs while the land is still in the hands of such immediate grantee, he, of course, has a right of action on such covenant and his warranty deed will assign such right of action to his grantee, and the latter to his grantee, and so on, until it should become barred by the statute of limitations.

When this defendant joined his wife Elizabeth in the warranty deed to the lands in question, he had no estate or title in or to such lands. Elizabeth owned a life estate in them, but he was without any interest whatever. Therefore, unless he transferred the possession of the land to Torrey, his immediate grantee, there was no privity of estate between him and Torrey and,

consequently, his covenant did not run with the land and was only personal to Torrey.

Since possession was given to Torrey when he received the deed, it may be suggested that possession was given him by defendant. But it was not. Defendant might be said to be, in some sense, in possession of the premises when he joined his wife in the deed, but he was not so in a legal sense. He was Elizabeth's husband and his character of possession was merely incidental to his relationship as her husband. He was, more properly speaking, in part occupancy of the premises. The possession transferred to Torrey was the possession that was sustained by Elizabeth's life estate and she, as vendor of such estate, transferred the possession. A contention similar to the suggestion here made was urged on the Court of Appeals of New York (Mygatt v. Coe, supra) and we have drawn what we have just said from the answer made by Judge O'Brien in writing the opinion in that case. He stated: "The conception of possession in the husband in such cases may be traced largely to that instinct of the mind which so readily attributes to the husband, by reason of his headship of the family, the possession and dominion of the family home. That conclusion, however, will be dissipated by an application to the question of the legal principles that grow out of the right of the wife to hold and convey real property. The actual possession of the property is one of the incidents that flow from this right, and it must be in the wife in most if not in all cases where she has the legal title, and when possession is once delivered to her, it is not lost or impaired by permitting her husband to exercise acts of care, management or agency with respect to the property." And he added that no authority had been found during the protracted period of the pendency of that case, where a husband had been held liable upon such a covenant in the deed of his wife.

Neither can it be said that, conceding that by reason

of defendant not being in possession, his covenant was personal between himself and Torrey as his immediate grantee, under the view which we have expressed, Torrey could assign his right of action under such covenant, and that he did assign it to plaintiff when he executed the deed of trust. But there was no cause of action in Torrey to assign, since there was no breach while he held it. The breach did not occur until Mrs. Culler (the last grantee) was ousted, which was in 1901, whereas Torrey made his deed of trust nine years before that time and sold it by warranty deed eight years before.

But plaintiff cites the cases of Pratt v. Eaton, 65 Mo. 157, and Foote v. Clark, 102 Mo. 394, as announcing a different view as to the effect of covenants made by those who do not own the land which they attempt to convey. We regard those cases as in harmony with the view we have taken. We have said there must be privity of estate in order to carry the grantor's covenant along with the land to remote grantees, and that putting the immediate grantee in possession was sufficient to establish such privity though the grantor had no other title than mere possession. We have further said that, where the grantor granted neither title nor possession, his covenant bound him to his immediate grantee and to those to whom such grantee might assign his cause of action on it. In other words, that such covenant was the covenant of a stranger to the title, which could not run with the land, and amounted to no more than an obligation to the immediate grantee and his assigns. Such covenants are broken when made and the immediate grantee's right of action is substantial and complete, which he may assign and which he does assign by his warranty deed. But such cause of action is the cause of action of the original grantee, thus assigned by him, and the statute of limitations would run against it from the time it accrued in the hands of the original grantee. Whereas, the covenant of the grantor which runs with the land is a covenant which accompanies the estate

through successive grantees until a substantial breach occurs, when it becomes a right of action in the holder at the time of the breach; not as having been assigned to him by the original grantee, but by reason of the original contract of covenant passing with the land down to him as the party on whom the loss has fallen. In Pratt v. Eaton the action was brought by Pratt, the *immediate* covenantee, and what was said of the husband's liability on his covenants in the joint deed of himself and wife had reference to his liability to Pratt. When Pratt removed the incumbrance of $1,000 on the land conveyed by the Clarks, the substantial breach occurred. Such covenant would not run with the land as against the husband, but the right of action under it might have been assigned by Pratt and sued upon by the assignee as such. In the case of Foote v. Clark there was privity of estate, since possession was delivered by the grantor in the deed containing the covenants to which the opinion in the case refers.

Plaintiff's case showing that it has no cause of action against defendant, the judgment will be affirmed. All concur.