SOLBERG, et al., Respondent, v. ROBINSON et al. (Robinson, Appellant.)

(147 N. W. 87.)

**1.  Conveyancing—Covenants, Construction of—Covenants Running With Land—Covenant of Seisin.**

Under Civ. Code, Sec. 1139, a covenant of seisin does not run with the land, and a remote grantee could not recover upon such a covenant made by a grantor who had neither possession nor right of possession.

**2.  Covenants—Quiet Enjoyment—Grantor Without Title or Possession—Grantee's Constructive Possession—Remote Grantee—Privity of Estate—Estoppel.**

Under Civ. Code, Sec. 1138, making a covenant in a grant of realty, made for the direct benefit of the property, a cove-

nant running with the land, and Sec. 1139, declaring that a covenant for quiet enjoyment is embraced within Sec. 1138, **held,** that such a covenant in a deed by one having no title or interest in land, is available by a remote grantee of the land under the same chain of title of record, although neither such grantor nor his immediate grantee had actual possession, such grantor being estopped, in a suit upon the covenant by the remote grantee, from claiming that he did not have, and did not convey to his grantee an estate sufficient to sustain a suit on the covenant, and constructive possession of the land; and plaintiff is entitled to recover upon such covenant, damages as for eviction under title paramount, where the real owner had recovered judgment in an action to quiet title as against such remote grantee.

3.   **Quiet Enjoyment—Action for Breach—Damages—Interest.**

Under Civ. Code, Sec. 2296, giving grantee interest on his damages for breach of covenant, for the time during which he derived no benefit from the property, a remote grantee of one who had apparent title, but neither actual title nor possession, was entitled to interest only from the time when his constructive possession was disturbed by notice of a superior title.

4.   **Quiet Enjoyment—Damages for Breach—Expenses of Litigation.**

Under Civ Code, Sec. 2296, authorizing a grantee suing for breach of covenant, to recover any expenses properly incurred in defending his possession, held, a grantee may recover his costs and expenses, including attorney's fees, in defending an action by the rightful owner to quiet title, though notice was not given the grantor to come in and defend, there being no such condition in the statute, and one cannot be read into same, and such liability must have been in grantor's mind when he covenanted.

(Opinion filed May 11, 1914.)

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

Action by Ulrick P. Solberg and another against Frank P. Robinson, as administrator of Charles C. Robinson, deceased, and others, for breach of warranty of title to realty. From a judgment for plaintiffs, and from an order denying a new trial, the defendant named appeals. Modified and affirmed.

*Horner, Martens & Goldsmith,* for Appellant.

The respondents, remote grantees, cannot maintain this action against the appellant, for a breach of a real covenant which occurred before the making of the covenant, where neither

title nor possession passed by the instrument containing the covenants. McInnis v. Lyman, 62 Wis., 191; 22 N. W. 405; Michal v. Alexander, 28 Wis., 118; McLennan v. Prentice, 77 Wis. 124; 45 N. W. 943; Jones on Real Property, Vol. 1., Sec. 938, 941, 942; Bull v. Beiseker, 16 N. D., 290; 113 N. W., 870, 14 L. R. A. (N. S.) 514, and note; 11 Cyc. 1097, 1098, 1099; McDonald v. Rothgeb, 72 S. E. 692 (Va.).

In order that a covenant may run with the land so as to give a right of action against the covenantor to the alienee of the conve-nantee, a privity of estate must exist between them. Mere privity of contract is insufficient. 11 Cyc. 110; Iowa Loan & Trust Company v. Fullen, 114 Mo. App. 633, 91 S. W. 58; 8 Am. & Eng. Ency. of Law, 91, 147, 149, 151, 156.

On a total breach, a covenant, though annexed to the realty, becomes a mere personal right, which remains with the covenantee, or his executors, and does not descend with the land to his heirs, nor run with it on any future assignment to third parties. Junction Railroad Co. v. Sayers, 28 Ind. 320; Tiedeman on Real Property, Sec. 1904; Indianapolis Water Co. v. Nulte, 126 Ind. 373; 26 N. E. 72.

A right of action for a breach of covenant is a chose in action, and does not pass with the land. Ladd v. Noyes, 137 Mass. 151; Smith v. Richards, 135 Mass. 79; Wallace v. Pereles, 109 Wis. 316, 85 N. W. 371; 53 L. R. A. 644; 83 Am. St. Rep. 898; Mygatt v. Coe, 147 N. Y. 467; Spencer's Case, 5 Coke 16, and Smith's Leading Cases, Vol. 1, page 137, 7th Am. Edition, and note, p. 198.

Our statute defines the measure of damages as the price paid to the grantor, covenantor, so that the measure of damages against this appellant is not controlled by the price paid by respondent to the Smiths.

No notice to come in and defend, having been served on appellant, respondents were not entitled to recover their attorney fees in Circuit Court expended in the case of Vesey v. Solberg. Sec. 2296, Civil Code; Bowne v. Wolcott, 1 N. D. 421.

It is only when the covenantor refuses, after notice given, to defend the title, that the covenantee has the right to employ counsel for that purpose and to recover fees therefor. 11 Cyc.

1178; Crisfield v. Storr, 36 Md. 129; Wiggins v. Pendar, 132, N. C. 528; 44 S. E. 632; 61 L. R. A. 772; Hood's Appeal, 7 Atl., 137; Mercantile Trust Co., v. South Park Residence Co., 22 S. W., 314. (Ky.); Long v. Wheeler, 84 Mo. App. 101; Terry v. Drobenstadt, 68 Pa., St. 400; Chestnut v. Tyson, 105 Ala., 149; Pineland Mfg. Co., v. Guardian Trust Co., 139 Mo. App., 209; 122 S. W. 1133; Quick v. Walker, 125, Mo. App. 262.

Respondents were not entitled to recover any of the costs, nor attorney's fees, in the Supreme Court in the case of Vesey v. Solberg. 11 Cyc. 1177; Louisville Public Warehouse Co., v. James, 56 S. W. 19 (Ky.).

It not being shown that respondents derived no benefit from the land from which they were evicted, they are not entitled to recover interest from a time earlier than the date of their eviction. Section 2296 Civil Code; 11 Cyc. 1173.

*Gaffy, Stephens & Fuller,* for Respondents.

The appellants can maintain this action against the respondent, a remote grantee, for breach of covenants in his deed.

The covenant for quiet enjoyment, referred to in Civ Code, Sec. 1139, was distinctly prospective in its nature, and could not be broken by the delivery of the deed, or until actual eviction by title paramount, and no action could be maintained for a breach of this covenant until such eviction. 17 L. R. A. (N. S.) 1179, 1181.

Choses in action are assignable in this state. Erickson v. Brookings County, 3 S. D. 434.

If Robinson's grantees, the plaintiffs, could derive the same benefits as if their grantors, Smiths and Robinson had been in possession, at common law, the covenants would have passed to plaintiffs in the same manner as if they had run with the land. Sect. 996, Civ. Code.

While the covenant of seizin may have been broken upon execution of the Robinson deed, the right to sue for such breach was a benefit created instantly in behalf of the Smiths and their assigns, and since the second deed identified these plaintiffs as assigns, they have, for such breach, a right of action, because the contract was made with another in their behalf; because the statutory effect of both deeds is now the same as if the parties

had been in possession; and because the chose in action was assigned to Plaintiffs by the Smith deed.

The covenant of quiet enjoyment, being prospective, was not broken until eviction by decree of Supreme Court which gave Plaintiffs the right to sue thereon; because such breach occurred after they had bought and paid for the Smith deed, thus making them the only parties damaged and the real parties in interest; and for the same reasons stated in last paragraph. Webb v. Wheeler (Neb.) 17 L. R. A. (N. S.) 1178; Killilea v. Douglas, (Wis.) 17 L. R. A. (N. S.) 1189; Bull v. Beisicker, (N. D.) 14 L. R. A. (N. S.) 514; Notes, 125 A. S. R., 443, 450.

On the covenant of seizin, there is only a technical breach by the delivery of a deed as in this case, and an action for substantial damages can not be maintained until eviction by paramount title. Foshay v. Schafer, 116 Ia., 302; See discussion 17 L. R. A. (N. S.) 1190, 1191.

Since there was no possession, there was no eviction until the decree of the Supreme Court, which constituted a constructive eviction through assertion of paramount title. Finton v. Egelston, 16 N. Y. Supp., 721.

This provision in sec. 996, Civ Code, did away with the rule of common law, which required a grantor of land to be seized thereof in order that his covenant of warranty might attach to and run with the land. Van Court v. Moore, 26 Mo. 92.

Plaintiffs are entitled to attorney's fees and costs in the circuit court action and supreme court appeal of Vesey v. Solberg. Civ. Code, Section 2296; Le Vitchy v. Canning, 33 Cal., 299; Section 2296, Civ Code; Morris v. Rowan, 17 N. J. L. 304.

The respondents are entitled to interest as allowed by the court. Section 2296, Civ. Code; Watters v. Ryan (S. D.) 141 N. W., 361; Sutherland on Damages, Vol. 2, Third Edition, page 1768.

POLLEY, J. On the 27th day of January, 1906, one C. C. Robinson and wife executed and delivered to W. J. and J. L. Smith a certain warranty deed, purporting to convey to said Smiths, with other property, a quarter section of land in Hughes County. On the 9th day of January, 1907, said Smiths executed and delivered to plaintiffs a warranty deed, purporting to convey

said land to plaintiffs, but neither the Robinsons nor the Smiths were ever in the actual possession of the land. Thereafter, one Vesey commenced an action against plaintiffs for the purpose of quieting title to said premises and to enjoin plaintiffs in this action from asserting further claim thereto. Said action was defended by plaintiffs but, on the trial, it developed that, from a time long prior to the attempted conveyance from the Robinsons to the Smiths and down to the time of the trial, said Vesey was the absolute owner in fee of the land in question; that, while Robinson's title appeared to come through Vesey, the deed which purported to divest him of his title proved to be a forgery and he had judgment as prayed for. Upon appeal to this court, said judgment was affirmed: Vesey v. Solberg, 27 S. D. 618, 132 N. W. 254. In the deed from Robinson to the Smiths, Robinson and wife covenanted with the Smiths:

"Their heirs and assigns that they are well seized in fee of the lands and premises aforesaid and have good right to sell and convey the same in manner and form aforesaid," and that "the above bargained and granted lands and premises in quiet and peaceable possession of the said parties of the second part, their heirs and assigns, and against all persons lawfully claiming or to claim the whole or any part thereof the said parties of the first part will warrant and forever defend."

The deed from the Smiths to plaintiffs contained covenants of similar import.

After the affirmance of the judgment quieting title to the said premises in Vesey, plaintiffs commenced this action against the defendant as administrator of the estate of the said C. C. Robinson, who had died in the meantime, for the purpose of recovering on the above quoted covenants in the Robinson deed of January 27, 1906. During all of this time, the land in queston was vacant and unoccupied. The Smiths were named as defendants in the summons, but only one of them was ever served, and, as to him, the action was dismissed. Plaintiff seeks to recover the amount Robinson had received for the land with interest, together with the expenses necessarily incurred in defending the Vesey case in the circuit court, upon appeal to this court and upon motion for rehearing, including attorney's fees for conducting all of these proceedings. Plaintiffs had judgment in the circuit court

for $1183.98. From this judgment and the order denying a new trial, defendant appeals.

[1] It is contended by appellant that, as Robinson had neither possession nor right of possession at the time he executed the deed to the Smiths, the covenants sued upon were broken as soon as made and, therefore, did not run with the land nor inure to the benefit of his remote grantees. As to the covenant of seizin, this contention is undoubtedly correct. Our statute, §1139 Civ. Code, enumerates certain covenants as those which run with the land, but no mention is made of the covenant of seizin, and this covenant does not run with the land: Gale v. Frazier, 4 Dak. 196, 30 N. W. 138.

Under a statute like ours it would appear that it is only the immediate grantee of the covenantor who can recover on this covenant. Plaintiffs could have recovered from the Smiths upon the breach of this covenant, and they, in turn, could have recovered from defendant, provided they brought their action within the period of the statute of limitations: 3 Wash. Real Property, 5th Ed. 504. But there was no such privity of contract between plaintiffs and defendant's intestate as would entitle them to recover against defendant.

[2] The other covenant set out in plaintiff's complaint (that of quiet enjoyment) presents a different proposition. By express statute, this covenant does run with the land: Civ. Code §1139. This covenant is made for the benefit of remote as well as immediate grantees, and, unless there is something in the facts connected with this case to relieve appellant from liability on the covenant, the plaintiff is entitled to recover, and the judgment should be affirmed. This is conceded by appellant, but, to avoid liability, he contends that, because his intestate had no estate whatever in the premises at the time of making the covenant, and because his intestate's grantee did not go into possession of the land, there was nothing to which the covenant could attach to carry it to the covenantor's remote grantees. He also contends that, the covenantor having neither possession nor right of possession at the time he made the covenant, a constructive eviction took place at once and that the covenant immediately ripened into a cause of action in favor of his covenantee that neither ran with the land nor passed to his covenantee's grantee, and that, in any event, more than six

years had elapsed since the breach of the covenant and plaintiffs' action is barred by the six years statute of limitations. In other words, that, in this particular case, the effect of both covenants is exactly the same, and plaintiffs are not entitled to recover on either. If appellant's position is correct, the covenant for quiet enjoyment contained in the Robinson deed could never, under the facts in this case, become the basis for a recovery by anyone except his immediate grantee. Although the deed purporting to divest Vesey of his title was a forgery and conveyed no title in fact, it appeared upon its face to be a valid conveyance and the apparent chain of title from Vesey to plaintiffs was perfect. For aught plaintiffs knew, or could know until Vesey asserted his title, they were the absolute owners of the fee and could have gone into the physical possession of the land at any time. Supposing plaintiffs had taken possession and afterward had learned the facts relative to the title to the land, and, before they had been disturbed by Vesey, had brought this suit against defendant for breach of the covenant for quiet enjoyment, he could have said:

"You have not been disturbed in your rightful possession of the land and you may never be disturbed. While your deed may not be good, it is yet color of title, and if you are not disturbed by Vesey within the time for bringing an action for that purpose, your present title, although defective, will ripen into a title that can never be disturbed by anyone. In other words, you have no cause of action until you have been actually ousted by a decree of court."

This would be a complete defense to plaintiff's demand, or the most they could recover would be nominal damages only.

That the proposition that covenants found in deeds purporting to convey title to land do not run with the land unless the covenantor was possessed of some estate in the land to which the covenant could attach is supported by many, if not the great weight of, judicial decisions is not questioned. Notable among the more recent decisions to this effect is Bull v. Beiseker, 16 N. D. 290, 110 N. W. 870, and reported with an extended note, in 14 L. R. A. (N. S.) 514; Mygatt v. Coe, 147 N. Y. 456, 42 N. E. 17, a New York case; and Wallace v. Pereles, 109 Wis. 316, 85 N. W. 371, 53 L. R. A. 644, 83 Am. St. Rep. 898. In Bull v. Beiseker, supra, the court said:

"The action was brought and the complaint framed upon the mistaken theory that the covenants contained in defendant's deed to Johnson were covenants running with the land, and therefore passed to Washburn by the deed from Johnson to him. This probably would be true if any title or possession was transferred by such conveyances; but, under the facts alleged in the complaint, neither title nor possession, actual or constructive, passed under the deeds, and hence there was nothing for the covenants to run with. There was a constructive eviction of the grantee immediately upon the execution and delivery of the deed to Johnson; and a cause of action for breach of the covenants in such deed at once arose in his favor against the Beisekers to recover damages therefor; and the deed from Johnson to Washburn did not operate to assign to the latter such cause of action."

And, in Wallace v. Perles, supra, the Wisconsin court said:

"We therefore hold that where the record shows that the grantor had no title and no possession, and there is no proof that the grantee took possession, the covenants of the grantor are personal to the grantee, and are not transmitted to subsequent grantees by a mere conveyance of the land."

And, again, in Mygatt v. Coe, supra, we find:

"It must be regarded as the law of this case that privity of estate is essential to carry covenants of warranty and quiet enjoyment to subsequent grantees in order to support a right of action by them against the original covenantor, when there is an eviction by paramount title."

These cases are fully supported by very many, if not all, of the preceding decisions on the same subject.

The covenants usually found in deeds of conveyance of real property are the subject of legislative enactment in many of the states. Our statute, §1138 Rev. Civ. Code, reads as follows:

"Every covenant contained in a grant of an estate in real property, which is made for the direct benefit of the property, or some part of it then in existence runs with the land."

§1139. "The last section includes covenants of warranty, for quiet enjoyment, or for further assurance on the part of a grantor * * *"

But these statutes do not seem to have changed the rule that, in order that the covenant will run with the land so as to inure

to the benefit of a remote grantee, the covenantee must have received some estate in the land to which the covenant could attach.

It seems to be generally held that, where the covenantor delivers the possession of the land to his grantee and he, in turn, puts his grantee in possession, this constitutes a privity of estate sufficient to carry the covenant with the land. And it may be taken as true that the reason for the rule originated at a time when physical possession of land was the chief muniment of title thereto. But this reason no longer exists. A person who has a grant of land from the owner of the fee becomes the absolute owner thereof and is entitled to all the benefits that can be derived therefrom, even though neither of them was ever in the actual possession thereof. This being the case, why should it be necessary that actual, as distinguished from constructive, possession should be delivered in order to carry a covenant with the land when the covenantor was without title? It is for the purpose of protecting the covenantee and his grantees in their right of possession of the land, and to protect them against defective title thereto that the covenant is made. The right of quiet enjoyment of a piece of land is its most valuable attribute, and a covenant from a grantor that his grantee shall be protected in the quiet enjoyment thereof adds materially to the value of the land itself, and a material portion of the consideration paid for the grant may be, and as a rule is, paid because of the covenantee's expectation of the right of quiet enjoyment of the demised premises. If a perfect title is passed to the grantee then he *need* never avail himself of the covenant in his deed, while, on the other hand, if it should develop that the covenantor had no estate whatever in the premises attempted to be conveyed, the grantee could not, except as against his immediate covenantor, avail himself of the covenant. This, at least, is the logical conclusion to be drawn from the decisions holding that a remote grantee cannot recover upon a covenant unless the covenantor had some estate in the land when the covenant was made. Some cases, notably Kimball v. Bryant, 25 Minn. 496, and Iowa Loan & Trust Co. v. Fullen, 114 Mo. App. 633, 91 S. W. 58, hold that, although a covenantor must have some estate in land at the time of making the grant to which covenants can attach in order to enable a remote grantee to recover on a breach of the covenant, yet, nevertheless, such grantee, however remote,

who is holding under said grant at the time of the assertion of, and eviction under, the paramount title, may recover the damages occasioned by the lack of title. This is upon the ground that the covenant was broken as soon as made and at once ripened into a *chose in action* in favor of the covenantee, and that the transfer of the land by successive warranty deeds passed this cause of action along through the successive grantees until such time as an actual eviction by paramount title took place, when the party who suffered damage by reason thereof might enforce the cause of action that accrued in favor of the first grantee against the original covenantor. Against this doctrine, this court is already committed: Hills v. City, 145 N. W. 570. We believe plaintiffs should recover; but we think they should recover as upon the covenant itself, rather than upon successive assignments of a cause of action that had accrued in favor of some prior grantee. Under the theory adopted by the Missouri and Minnesota courts, unless the eviction take place and the action be commenced within the period prescribed by the statute of limitations for bringing such action, then the right to recover will be barred by the statute, and the party who is holding under the grant at the time of the eviction and the one who suffers the real damage cannot reach the covenantor at all: Iowa L. & T. Co. v. Fullen, supra.

[3] But, again, since it is held that a delivery of the possession of the disputed premises is necessary in order that the covenant of a grantor without title may inure to the benefit of his remote grantees, then the constructive possession of the grantee ought to be sufficient to carry the covenant. In this case, while the Smiths acquired no title to the land by virtue of their deed from the Robinsons, still they had the apparent title even as against Vesey himself. The county records showed that they had a perfect chain of title, and, therefore, the Smiths and their grantees (plaintiffs in this action), as against the defendant should be held to have had constructive possession of the granted premises, and that plaintiffs are entitled to recover against the defendant because of the eviction by Vesey. This, of course, involves the doctrine of estoppel by deed; and we believe this to be a proper case for the application of this doctrine.

The rule of estoppel by deed is stated in 16 Cyc. 686, as follows:

"A person who assumes to convey an estate by deed is estopped, as against the grantee, to assert anything in derogation of the deed. He will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed; nor can he deny to the deed its full operation and effect as a conveyance."

Where a grantor represents himself as the owner of the fee to a piece of land and agrees that he will protect his grantee and assigns in their peaceful possession thereof, and it afterward develops that he was not the owner of the fee and cannot defend his grantees in their possession of the land, and they call upon him to respond in damages, why should he not be estopped from saying that he did not have, and convey the constructive possession of the land as he represented he had and for which he had received a valuable consideration, and that, therefore, his covenant did not pass beyond his immediate grantee and that he is not liable to the party who has suffered by his broken covenant? And why should the rule just quoted not apply?

True, no case has been called to our attention where a covenantor has been held to be estopped by his deed from claiming that he had no estate in the land, attempted to be conveyed, at the time he made the covenant, and thereby escape liability to a remote grantee who had been evicted; but neither has any reason been suggested why this should not be done; and we hold that the defendant is estopped by the covenants in his intestate's deed from denying that his intestate possessed any estate in the land in question at the time the deed was made; and that respondent is entitled to recover upon the broken covenant.

[4] The trial court awarded respondent the amount paid for the Robinson deed, with interest thereon for a period of six years. This is urged as error. §2296 Rev. Civ. Code fixes the measure of damages for breach of the covenant involved at the price paid to the grantor, with interest thereon during the time the grantee derived no benefit from the property, not exceeding six years. Appellant bases his contention upon the ground that there is no evidence in the record to show that the respondents derived no benefit from the land involved; that they were entitled to posses-

sion of the land until they were evicted and, therefore, are presumed to have derived benefit therefrom. In this contention appellant is right in part only. Having already held that the appellant is estopped from denying that respondent was in the constructive possession of the land and allowed respondent to recover on the covenant upon the theory that respondents and their immediate grantors, believing themselves to be the absolute owners of the land, were in the constructive possession thereof, it would be inconsistent and illogical to allow respondent to recover interest on the purchase price upon the ground that they were not in possession of the land, and, therefore, derived no benefit therefrom. As against appellant, respondent's constructive possession continued so long as they believed themselves to be entitled to the actual possession. When they received notice of Vesey's title, their constructive possession terminated, and it is from the date of receiving such notice that interest on the purchase price should be computed. So far as appears from this record, respondents were first notified of Vesey's ownership by the commencement of his action against them, and interest should be allowed from that date only.

[5] The trial court also awarded respondent's costs and expenses, including witness fees, incurred by them in defending their supposed title in the circuit court and the supreme court, and attorney's fees paid by them in that action. The allowance of these two items is assigned as error. By the provisions of §2296 Rev. Civ. Code, the respondents are entitled to recover not only the consideration paid for the land and interest thereon, but any expenses properly incurred by them in defending their possession. The objection to the allowance of these items is based upon the fact that appellant was not notified of the commencement of the suit by Vesey and required to come in and defend in that action. These expenses were properly incurred by respondents in defending their possession and are within the meaning of §2296, and, unless a condition is read into that section that was not placed there by its authors, respondents are entitled to recover these expenses. It is true that some courts have held that a covenantee cannot recover from the covenantor the expenses of defending his title unless the covenantor was notified and required to come in and defend the action in which the expenses were incurred. But the

courts are by no means in harmony on the subejct; and, at §200 Rawle on Covenants, that learned author says:

"Both with respect to counsel fees and such other expenses as are called variously in the cases 'necessary expenses,' 'reasonable costs attending litigation,' 'compensation for trouble and expenses,' and the like, these have in some cases been refused unless notice has been given, and in others allowed where notice has been given, in others irrespective of notice, and in others where no notice has been given. * * *

"A consideration of these rather conflicting cases would seem to suggest as a rule to be deduced from them that the plaintiff's rights to recover counsel fees as a part of his costs should, in general, be limited to cases where he has properly notified the party bound by the covenant to come in and defend the title, but that the neglect or silence of the latter should inure to the benefit of the plaintiff rather than to his own."

This, of course, is without reference to any statute. In Dale v. Shively, 8 Kas. 190, Brewer, J., in discussing the liability of a covenantor, says:

"He may be charged with the costs and counsel fees paid by the grantee in defending the title conveyed against a suit by the true owner, or in prosecuting a suit to obtain the possession which had been covenanted but never actualiy given."

This is without reference to either statute or notice, and our attention has been called to no case that has been decided under a statute like ours. In the case at bar, the expenses of defending the title attempted to be conveyed were clearly within the contemplation of appellant's intestate when he made the covenant He knew that, if the title were not such as he covenanted it to be, his grantees would, in all probability, be called upon to defend as against the rightful owner. He knew that, if such suit were commenced, his grantee must necessarily incur expenses and pay counsel fees. The statute fixed his liability, and this liability is not conditioned upon receiving notice from his grantees of the commencement of a suit by the owner of the paramount title; and it does not now lie in defendant's mouth to say that, had he received such notice, he might have complied with his covenant by admitting his liability and paying to his grantees the damages to which they were entitled, and thus prevented the incurring of the items

of expense involved herein, for even now he is resisting the payment of such damages with the same vigor that he is resisting the payment of the costs and attorney's fees. No complaint is made that any of the expenses that were allowed by the trial court were improperly incurred, or that the defense was not properly conducted, or that the amount paid for counsel fees was exorbitant or unnecessary; and it is our opinion that the items in dispute were properly allowed.

The judgment should be modified in regard to the amount of interest allowed respondents as herein indicated, and as so modified it is affirmed.