THE COMMERCE TRUST COMPANY, APPELLANT, v. CHARLES L. FOULDS, ET AL., RESPONDENTS.*

Kansas City Court of Appeals. May 25, 1925.

318

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 659, n. 59; Covenants, 15 CJ, p. 1242, n. 63; Estates, 21CJ, p. 998, n. 48, 52; Mortgages, 41CJ, p. 348, n. 23; p. 350, n. 39.

*Kenneth W. Tapp* and *Henry C. Chiles* for appellant.

*Osborn & Osborn* and *Lyons & Ristine* for respondent.

ARNOLD, J.—This is an action to recover damages for alleged breach of statutory covenants contained in the words "grant, bargain and sell" appearing in certain warranty deeds.

The facts disclose that in November, 1911, one George H. Foulds died testate, seized of approximately 336.25 acres of land in LaFayette county, Missouri. By the terms of his will he devised said land to his wife, Mary E. Foulds for life, and at her death to his children, Charles L., Abigail and others named therein, and in case any of his children named in the will should die before the death of their mother, leaving heirs, then the heirs of such deceased child should receive the part of the estate which otherwise would have gone to said deceased child; and in the event any of the testator's children should die before the division should be made, without having married, the share of said deceased child should be divided among the other children or their heirs.

The estate was finally administered under the terms of the will. The widow entered into possession of said real estate on the death of her husband and ever since has remained in possession thereof. Since the death of George H. Foulds, the widow has intermarried with one Albert Foulds.

At his death, George H. Foulds left nine children, among them Charles L. Foulds, one of the defendants herein and Abigail, who afterwards married Eugene Doty and who died on April 4, 1922, leaving two children, Vivian and Maxine, aged twelve and eleven respectively.

In April, 1917, Eugene and Abigail Doty borrowed from Mary E. Foulds the sum of $1500, but the latter having on hand but $750 cash, borrowed from her son Charles L. Foulds the sum of $750 to complete the loan. On April 17, 1917, Abigail Doty and her husband executed and delivered to Mary E. Foulds a warranty deed conveying their undivided one-ninth interest in and to the real estate above mentioned; the said deed described such interest as "our entire undivided one-ninth interest in, of and to" (the land described). The said deed contained the following provision: "The above being the interest of Abigail Foulds, now Abigail Doty, in the estate of her father, George H. Foulds, deceased."

Eugene Doty agreed to pay the amount of the loan within a reasonable time, not to exceed two or three months, and at his request the said deed was not placed of record at that time. The amount was not paid and Mary E. Foulds and her husband Albert Foulds, on payment to them by Charles L. Foulds of an additional $750 on August 24, 1917, deeded to the latter, under the same terms and conditions, the same undivided one-ninth interest as had been deeded to Mary E. Foulds by Abigail and Eugene Doty. And it was agreed that Charles L. Foulds was to hold said deed as security for the money

his mother had loaned to Abigail and her husband and which had been loaned to his mother by Charles L. Foulds. This deed contained the following provision: ''The above interest being the interest of Abigail Foulds now Abigail Doty, in the estate of her father George H. Foulds, which interest she transferred by warranty deed to Mary E. Foulds, on April 17, 1917.'' This deed was filed for record with the recorder of deeds on August 27, 1917, and at the same time the deed from Abigail Doty and her husband to Mary E. Foulds also was filed for record.

On January 15, 1918, Doty and his wife instituted suit in the circuit court of LaFayette county against Mary E. and Charles L. Foulds for the reconveyance to them of the property they had conveyed to Mary E. Foulds, as above stated—the petition therein alleging that their warranty deed of April 17th to Mary E. Foulds, although absolute in form, in fact, was a mortgage given to secure the payment of $1500 loaned by Mary E. Foulds to Eugene Doty. On February 23, 1918, this suit was settled by payment to Charles L. Foulds by Doty and his wife of the sum of $1500 with interest and costs; whereupon Charles L. Foulds and wife executed and delivered to Abigail Doty their warranty deed to the said real estate, which recited that they were conveying ''the same interest in said real estate conveyed by Abigail Doty and husband to Mary E. Foulds by deed dated April 17, 1917, and subsequently conveyed by Mary E. Foulds to Charles L. Foulds by deed dated August 24, 1917.'' This document was filed for record and recorded February 28, 1918.

It is claimed by respondents that this deed from Charles L. Foulds to Abigail Doty, while absolute in form was in fact only a deed of release made in pursuance of the contract between Abigail Doty and husband and Mary E. and Charles L. Foulds and that it was intended to, and did, convey only such interest as Abigail Doty originally had conveyed to Mary E. Foulds, and the only consideration for said deed was the $1500 loan above stated, and the assignment by Mary E. to Charles L. Foulds of said interest.

The evidence shows that on August 21, 1918, Eugene Doty and wife Abigail executed and delivered to W. B. Lathrop their negotiable promissory note for $4,000, interest at six per cent, and that this note afterwards was assigned to the Commerce Trust Company, plaintiff herein. To secure the payment of said note the makers executed and delivered their certain deed of trust conveying an undivided one-ninth interest in and to the lands in question. There was default in the payment of this note, and under the terms of the deed of trust the land was sold on February 4, 1922, and plaintiff herein became the purchaser thereof, receiving a trustee's deed therefor, pursuant to the foreclosure.

Afterwards plaintiff instituted a partition suit in the circuit court of LaFayette county, against defendants herein. The decree in said suit recited, among other things: "That the said widow, defendant herein, Mary E. Foulds, is still living and is now in possession of the real estate described in plaintiff's petition, wherefore it is considered, adjudged and decreed by the court that under the provisions of the will of said George H. Foulds, deceased, no partition of said real estate can be had during the lifetime of said widow, Mary E. Foulds, and this cause is dismissed at the cost of the plaintiff."

On May 24, 1923, the petition herein was filed, alleging the execution by Eugene and Abigail Doty of the note for $4000 and the deed of trust securing the same; default and sale of the land under the deed of trust and that plaintiff received a trustee's deed to the land; the execution and delivery of the deed from Mary E. and Albert Foulds, her husband, wherein for a valuable consideration they did grant, bargain and sell the said lands to Charles L. Foulds, thereby covenanting for their heirs and assigns that they were seized of an indefeasible estate in fee simple in the land conveyed; that said real estate was free from any encumbrances done or suffered by them or any person under whom they claimed, and further assurances.

The petition further alleges that the deed from Charles L. Foulds and wife to Abigail Doty, the person who, with her husband, executed the note and deed of trust mentioned, did thereby covenant that they were seized of an indefeasible estate in fee simple in the lands conveyed, and further assurances to said grantee.

Further the petition alleges that by reason of said deed of trust and trustee's deed, plaintiff became the assignee of, and entitled to the benefit of the covenants contained in said deeds; that the grantors in said deeds were not seized of an indefeasible estate in fee simple to said land and that said premises were not free from encumbrances done or suffered by them, or any person under whom they claim; but that on the dates of said deeds, Mary E. Foulds was seized of a life estate therein, under the provisions of the will of her former husband, and that said land was at the time, and still is, so encumbered; that by reason thereof the security, as represented by the deed of trust, was and is lost to plaintiff, and that it took nothing under the trustee's deed aforesaid; wherefore plaintiff asks judgment in the sum of $4000 and interest.

Defendants Mary E. and Charles L. Foulds filed answer setting forth the facts as above stated and stating that the warranty deeds were mortgages given to secure the said loan of $1500; that the covenants in the several deeds mutually cancelled and extinguished each other, and that plaintiff is estopped to assert a right of action on covenants in defendants deed to Mrs. Doty by reason of like cove-

nants in the deed of Mrs. Doty to defendants. The other defendants filed general denials.

The trial was to the court without the aid of a jury and, after hearing all the evidence, the court found that the covenants of warranty in the conveyance of Abigail Doty and her husband to Mary E. Foulds, and the conveyance by Mary E. Foulds and husband to Charles L. Foulds, and the reconveyance by Charles L. Foulds to Abigail Doty were mutually cancelled by the last-named conveyance, and that plaintiff, as assignee of Abigail Doty and husband, was estopped to assert a right of action against defendants on covenants of defendants' deed to Abigail Doty, by reason of like covenants in Mrs Doty's deed to defendants; that all of the aforesaid conveyances shown of record were mortgages and deeds by way of release and were made only for the purpose of securing said loan and reconveying the real estate to Abigail Doty, in pursuance of their agreement when said loan and debt were paid and discharged; that by reason of the conveyances and reconveyances aforesaid, and the possession of defendant Mary E. Foulds, there was no privity of estate or contract between plaintiff and defendants.

The judgment is as follows: "Wherefore it is adjudged and decreed by the court that the judgment and finding of the court is for the defendants and that plaintiff take nothing and is barred and estopped from claiming or asserting any damages against defendants by reason of the conveyances and reconveyances aforesaid and that defendants recover their costs of plaintiff and that they have execution therefor.

Motions for new trial and in arrest being ineffectual, plaintiff appeals.

Appellant declares the court erred in admitting evidence, over plaintiff's objections, (a) as to a secret understanding between Abigail Doty and husband and Mary E. Foulds in relation to the deed from the former to the latter, and (b) in admitting the deed in evidence. This charge of error is based upon the well-established rule of law that parol evidence may not properly be admitted to vary the terms of a written contract, and that the warranty deed from Abigail Doty and her husband to Mrs. Foulds comes within the rule. However, this is properly an equity case, made such by the answer of defendants and this is not disputed by plaintiff. Being an equity case the well-known rule applies, to the effect that a court of equity may decree a conveyance, although absolute in form, to be a mortgage, and parol evidence is competent to show that such a deed, in fact, was a mortgage and intended to operate only as security for a debt. This question was determined in Book v. Beasly, 138 Mo. 455 (opinion by GANTT, P. J.), and it is said at p. 460:

"No one now questions that a court of equity may decree a conveyance, absolute in form, to be a mortgage only, and foreclose it

as such—nor that parol evidence is competent to show that such a deed was intended only as a security for debt. [O'Neill v. Capelle, 62 Mo. 202; Cobb v. Day, 106 Mo. 278; Story Eq. Jur. (13 Ed.), sec. 1018; Hargadine v. Henderson, 97 Mo. 375.]

"The presumption of course arises that the instrument is what it purports to be on its face—an absolute conveyance of the land—and the burden is on the grantor to overcome this presumption and establish it as a mortgage. [3 Pomeroy's Eq. Jur. (2 Ed.), sec. 1196.]"

It must be conceded that whether a particular transaction amounts to a mortgage depends largely upon the peculiar facts in the case, the real question being as to whether the conveyance when executed was intended as security for a debt. Therefore the admission of parol evidence as to the intention of the parties in the case at bar was proper.

It is charged also that the admission of parol evidence was error for the further reason that one of the parties to such contract was dead, to-wit, Abigail Doty. This position is untenable because Eugene Doty, husband of Abigail, was living at the time of the trial, and one of the parties to the contract. In the case of Brunk v. Street Ry. Co., 198 Mo. App. 243, 246, a case decided by this court, a similar question was determined against plaintiff's contention, the court saying:

"It is true that where two agents represent a party in a transaction and one of them dies, the statute does not apply and the other party may testify, for there is one left alive who, with the deceased, made the contract or transacted the business. [Fulkerson v. Thornton, 68 Mo. 468.]"

Nor is there any merit in the charge that the court erred in admitting in evidence the deed from Abigail Doty and her husband to Mary E. Foulds. While plaintiff, in the petition, does not rely upon the covenants in that particular deed, those covenants were placed in issue by the answer of defendants in that the covenants in the deed following were modified by the express terms of the deed in question, and each and everyone of them refers to the interest conveyed thereby, to-wit, "an undivided one-ninth interest and being the same interest conveyed by Abigail Doty to Mary E. Foulds, by deed dated April 17, 1917." The admission of the deed in evidence was proper.

Plaintiff further states the court erred in holding there was no privity of estate. We think the holding of the court in this respect was proper. It is the law that the covenant of indefeasible seizure runs with the land, when and if the deed containing it passes an interest which carries the covenant. But as we view the facts in the case at bar, that is not the situation here, for neither title nor possession was given. No interest therefore was passed sufficient to carry the covenant relied on by plaintiff as a basis for his alleged cause of action. This point was determined in Ia. Loan & Trust Co. v. Fullen,

114 Mo. App. 633, by this court, speaking through ELLISON, J., wherein it is said:

"Though it has long been a matter of discussion, it is now settled by the weight of authority that for a covenant to run with the land there must be privity of estate or of contract between the covenantor and the remote grantee. But, even though there is no title in the grantor, if he delivers his grantee possession of the premises, such possession is sufficient to create privity of estate, and the grantor's covenant will run along to subsequent or remote grantees. But, if no title of any kind is conveyed and no possession is delivered, the grantor's covenant reaches no further than his immediate grantee, which the latter may, of course, assign. The covenant in such case is the covenant of a stranger to the title and to the premises and is merely personal between him and the grantee, to whom he makes it." Further, the court said, l. c. 639:

"So, undoubtedly, it is the law in this State that the conveyance containing the covenant must transfer some estate, however defeasible or imperfect, or the possession (which is a form of estate) must be transferred to the covenantee, or, in other words, run with the land." [See, also, Allen v. Kennedy, 91 Mo. 324; Crosby v. Evans, 281 Mo. 202, 217.]

It is insisted by plaintiff that the deed from Abigail Doty and her husband to Mary E. Foulds vested in the latter the fee, and in this position they rely chiefly upon the cases of Bramhall v. Bramhall, 216 S. W. 766, and Johnson v. Johnson, 170 Mo. 34. In the Bramhall case the opinion holds that in view of section 2872, Revised Statutes 1909 (sec. 2267, R. S. 1919), deeds to a life tenant executed by remaindermen, vest in the life tenant in fee the contingent interest of the remaindermen. And in the Johnson case, the facts were, as stated in syllabus 4:

· "On the death of owner of homestead the property was set off to his widow, after which J., one of the heirs, believing he had a one-seventh interest in the property, conveyed the same to the widow, who, by a subsequent deed, conveyed a one-seventh interest to such heir. Two other heirs, under the belief that they also owned a one-seventh interest in the property, conveyed them to J. during the widow's life, after which he conveyed, by deed containing covenants of seizin, an undivided three-sevenths of the property to another."

The facts in these two cases differ from the case at bar in that there were no clauses in the deeds limiting or modifying the covenants. In the instant case, it is admitted there is a limiting clause in each deed to the effect that "the above interest being the interest of Abigail Foulds, now Abigail Doty, in the estate of her father, George H. Foulds, which interest she transferred by warranty deed to Mary E. Foulds on April 17, 1917." So that by the terms of her father's will, Abigail Doty had an interest in her father's estate,

contingent upon her surviving her mother; but it must be held that a conveyance by the daughter made during the lifetime of her mother will pass no title when the life tenant survives the daughter. [Buxton v. Kroeger, 219 Mo. 224; Clark v. Sires, 193 Mo. 502; Dickerson v. Dickerson, 211 Mo. 483.]

It is our duty in an equity case to review the whole record and to render such judgment as equity and good conscience authorize. [Bryant v. Shinnabarger, 285 Mo. 484, and cases therein cited.] We have read the entire record and find therein no error or defect substantially affecting the rights of plaintiff, and we may not reverse the judgment under such circumstances. The petition admits that plaintiff took nothing under the trustee's deed, but charges it was damaged by reason of the breach of covenants in the deeds in question.

Under the above rulings we must affirm the judgment, and this covers all the points urged to the contrary in plaintiff's brief.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.